[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 209.]

[THE STATE EX REL.] SMITH, APPELLANT, *v.* SAGE, JUDGE, APPELLEE, ET AL.

[Cite as *State ex rel. Smith v. Sage*, 1998-Ohio-126.]

*Mandamus to compel common pleas court judge to hold a hearing to determine whether relator should be released from prison on parole—Complaint dismissed, when.*

(No. 98-657—Submitted June 24, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Butler County, No. CA98-02-024.

————————————

{¶ 1} In 1992, appellant, Rickey Smith, was convicted of felonious assault and aggravated burglary and sentenced to a prison term for each offense. On appeal, the Court of Appeals for Butler County affirmed the judgment. *State v. Smith* (Feb. 8, 1993), Butler App. No. CA92-08-154, unreported, 1993 WL 29049.

{¶ 2} In 1998, Smith filed a complaint in the court of appeals for a writ of mandamus. Smith requested the writ to compel appellee, Butler County Court of Common Pleas Judge Michael J. Sage, the trial court judge in his criminal case, to hold a hearing to determine whether Smith should be released on parole. Smith claimed that the Ohio Adult Parole Authority ("APA") lacked authority to deny him parole because of Am.Sub.S.B. No. 2 and former R.C. 5145.02.

{¶ 3} After Judge Sage filed a Civ.R. 12(B)(6) motion to dismiss and the APA filed an answer, the court of appeals dismissed the complaint.

{¶ 4} This cause is now before the court upon an appeal as of right.

————————————

*Rickey Smith, pro se.*

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Daniel G. Eichel*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

**{¶ 5}** We affirm the judgment of the court of appeals for the following reasons.

**{¶ 6}** First, Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, does not apply to persons convicted and sentenced prior to July 1, 1996, and the court of appeals properly refused to retroactively apply the sentencing provisions of Am.Sub.S.B. No. 2 to Smith. *State ex rel. Maynard v. Corrigan* (1998), 81 Ohio St.3d 332, 333, 691 N.E.2d 280, 281; *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

**{¶ 7}** Second, former R.C. 5145.02 created no legal duty on the part of either Judge Sage or the APA to release Smith before the expiration of his sentence. See *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284. See, also, *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1130 ("Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment."). As the court of appeals correctly held, Judge Sage has no duty to hold a hearing to determine whether Smith should be paroled.

**{¶ 8}** Finally, Smith's argument on appeal that Am.Sub.H.B. No. 300, 136 Ohio Laws, Part II, 2311, 2394-2395, supports his entitlement to the writ lacks merit. *Maynard*, 81 Ohio St.3d at 333, 691 N.E.2d at 281.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————