THE STATE EX REL. JOHNSON, APPELLANT, *v.* BETTMAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Johnson v. Bettman* (1998), 84 Ohio St.3d 61.]

(No. 98–1379—Submitted September 28, 1998—Decided December 2, 1998.)

*Michael L. Johnson, pro se.*

**Per Curiam.** Johnson asserts that the court of appeals erred in dismissing his complaint because former R.C. 5145.01 and 5145.02 required Judge Bettman to abrogate or redetermine his sentence following completion of his minimum term. For the following reasons, however, Johnson's assertions lack merit.

First, neither former R.C. 5145.01 nor 5145.02 imposed any duty on Judge Bettman to redetermine Johnson's sentence after he had allegedly completed his minimum prison term. See *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284–285.

Second, Johnson did not allege his entitlement to the requested extraordinary relief with sufficient particularity to withstand dismissal. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114.

Finally, to the extent that Johnson claims that he is entitled to release from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 694 N.E.2d 463.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.