THE STATE EX REL. HOGAN, APPELLANT, *v.* GHEE, CHAIRPERSON, OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Hogan v. Ghee* (1999), 85 Ohio St.3d 150.]

(No. 98–2096—Submitted February 9, 1999—Decided March 31, 1999.)

Robert Hogan, pro se.

Betty D. Montgomery, Attorney General, and Kevin V. Simon, Assistant Attorney General, for appellee.

---

**Per Curiam.** Hogan asserts in his propositions of law that the court of appeals erred in dismissing his mandamus action and denying his motion for declaratory judgment. For the following reasons, Hogan's assertions lack merit.

First, to the extent that Hogan claimed that he was entitled to be released from prison, habeas corpus, rather than mandamus, was the proper action. *State ex rel. Johnson v. Bettman* (1998), 84 Ohio St.3d 61, 701 N.E.2d 994, 995.

Second, " '[t]here is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.' " *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 698, quoting *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. Hogan consequently had no right to be released before the expiration of his sentence.

Third, Hogan has an adequate legal remedy by filing a Section 1983 federal civil rights action in either federal district court or state common pleas court to raise his claim that Ghee and the APA denied his parole in retaliation for his litigation against prison officials. See *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449–450, 663 N.E.2d 639, 642; *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560–561, 653 N.E.2d 371, 373; see, also, *Johnson v. Rodriguez* (C.A.5, 1997), 110 F.3d 299. Here, Hogan essentially

conceded that Section 1983 provided an adequate legal remedy for his claims. Cf. *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 626 N.E.2d 67.

Finally, the court of appeals lacked jurisdiction over Hogan's declaratory judgment motion. *Wright v. Ghee* (1996), 74 Ohio St.3d 465, 466, 659 N.E.2d 1261, 1262; *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 180–181, 699 N.E.2d 64, 66; Section 3(B)(1), Article IV, Ohio Constitution.

Based on the foregoing, the court of appeals properly dismissed Hogan's mandamus action. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.