OPINION
On January 11, 1988, defendant-appellant Richard Matthews entered a plea of guilty in Case No. 213761 to one count of felonious assault, R.C. 2903.11, with a violence specification. Matthews was sentenced in Case No. 213761 to a prison term of three-to-fifteen years, with the sentence to run concurrent to his sentence in Case No. 216694, which, we are told, was for a term of six-to-fifteen years with an additional three years for a firearm specification.
Ten years later, on August 4, 1998, Matthews filed a motion to withdraw his guilty pleas in Case Nos. 213761 and 216694. The trial court denied the motion as to Case No. 213761 on August 31, 1998, and Matthews appealed that ruling on September 28, 1998.[1]
Matthews' appointed counsel presents this assignment of error:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT RICHARD MATTHEWS A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA IN VIOLATION OF HIS DUE PROCESS RIGHTS.
The assignment of error is not well taken.
After a defendant has been sentenced, a court may permit withdrawal of a plea under Crim.R. 32.1 only to correct a manifest injustice. State v. Caraballo (1985), 17 Ohio St.3d 66,67. The defendant has the burden of establishing that injustice occurred. State v. Smith (1977), 49 Ohio St.2d 261, syllabus at paragraph 1. Appellate review of an order denying a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. See State v.Smith, supra, syllabus at paragraph 2; State v. Grigsby (1992),80 Ohio App.3d 291, 299; State v. Blatnik (1984). 17 Ohio App.3d 201.
The court need not hold an evidentiary hearing on the motion when the facts alleged by the defendant, even if accepted as true, would not require withdrawal of the plea. State v. Wynn
(Dec. 10, 1998), Cuyahoga App. No. 73805, unreported; State v.Nathan (1995), 99 Ohio App.3d 722; State v. Blatnik, supra. Nor is an evidentiary hearing required when the record, on its face, conclusively and irrefutably contradicts the allegations asserted in support of the motion. State v. Legree (1988), 61 Ohio App.3d 568.
In the case before us., Matthews' motion alleged that he was under great stress when he entered his guilty plea and that he thought he would serve no more than three years of his three-to-fifteen-year sentence in this case. We have not been furnished with any record of Matthews' guilty plea proceeding. Nor has Matthews submitted any other evidence to support his contention. Matthews' argument is unpersuasive in any event because his three-to-fifteen-year sentence on its face precluded any reasonable expectation that Matthews would serve only three years for this conviction. Matthews' unfulfilled expectation as to what his eventual sentence would be does not represent the "manifest injustice" necessary to withdraw his plea. See State v.Grigsby, supra, 80 Ohio App.3d at 300-301; State v. Blatnik,supra, 17 Ohio App.3d at 204.
Accordingly, the court did not err in denying Matthews' motion to withdraw his guilty plea without an evidentiary hearing. This assignment of error is overruled.
Matthews also submitted a brief pro se in this appeal. His third assignment of error states:
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON THE MERITS OF THE MOTION TO WITHDRAW GUILTY PLEA WITHOUT A COMPLETE AND IMPARTIAL HEARING ON THE MOTION.
For the reasons discussed in connection with his appointed counsel's assignment of error, this assignment of error is likewise overruled.
Matthews' first and second assignments of error will be addressed jointly:
 I. THE TRIAL COURT ERRED BY FAILING TO SUBSTANTIALLY COMPLY WITH RULE [SIC] OF CRIMINAL PROCEDURE 11(C)(2).
 II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE DEFENDANT OF THE ACTUAL EXTENT OF HIS PRISON COMMITMENT WHEN COUNSEL ALLOWED DEFENDANT TO BELIEVE HE WOULD SERVE THE MINIMUM SENTENCE AND BE RELEASED.
Matthews has not furnished any record to exemplify that any error occurred during the course of his guilty plea proceeding. Accordingly, these assignments of error must be overruled.
Matthews has also filed what he captions as a "Motion to Conform to Proportionality of Sentence — Or in the Alternative Appellate Review see ORC § 181 et seq. Oral Hearing Requested." We construe this as a request by Matthews to apply Am.Sub.S.B. 2 to his case. Section 5 of Am.Sub.S.B. No. 2 states: "The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date * * *." By its express terms, Am.Sub.S.B. No. 2 does not apply to persons convicted and sentenced before July 1, 1996. State ex rel. Smith v. Sage
(1998), 83 Ohio St.3d 209; State ex rel. Maynard v. Corrigan
(1998), 81 Ohio St.3d 332. Matthews was sentenced in January 1988. We accordingly overrule Matthews' motion and deny his request for an oral hearing on the motion (Motion No. 04784).
The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, JUDGE, and KENNETH A. ROCCO, JUDGE,CONCUR.
 _________________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] Matthews' notice of appeal was limited to Case No. 213761. On January 27, 1999, Matthews sought leave to file a delayed appeal for Case No. 216694. This court denied Matthews leave on February 4, 1999, so the record for Case No. 216694 is not before us.