[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 46.]

THE STATE EX REL. MILLER, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE, ET AL.

[Cite as *State ex rel. Miller v. Leonard*, 2000-Ohio-267.]

*Habeas corpus to compel relator's immediate release from prison–Dismissal of petition affirmed.*

(No. 99-1487–Submitted January 12, 2000–Decided February 16, 2000.)

APPEAL from the Court of Appeals for Allen County, No. 1-99-47.

_____

{¶ 1} In April 1993, appellant, Jerry S. Miller, was convicted of gross sexual imposition and attempted rape and sentenced to an aggregate prison term of eight to twenty-five years. In May 1998, the Ohio Parole Board denied Miller parole and continued his next parole hearing until 2008. The Parole Board based its decision upon its determination that Miller had raped his stepdaughter on numerous occasions over a period of several years and that he was "an extremely dangerous person to ever go back into the community [and] to be around children."

{¶ 2} In May 1999, Miller filed a petition for a writ of habeas corpus to compel appellees, his prison warden and the Chairperson of the Ohio Adult Parole Authority, to immediately release him on parole. Miller claimed that Am.Sub.S.B. No. 2 created a new constitutional right to parole. The court of appeals dismissed the petition.

_____

*Jerry S. Miller, pro se*.

*Betty D. Montgomery*, Attorney General, and *Katherine E. Pridemore*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

**{¶ 3}** We affirm the judgment of the court of appeals. There is no constitutional or inherent right to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 97 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675; *State ex rel. Hogan v. Ghee* (1999), 85 Ohio St.3d 150, 151, 707 N.E.2d 494, 495. As the court of appeals held, nothing in Am.Sub.S.B. No. 2 confers a mandatory right to parole. Finally, the sentencing provisions of Am.Sub.S.B. No. 2 (146 Ohio Laws, Part IV, 7136) do not apply to Miller and other persons convicted and sentenced before July 1, 1996. *State ex rel. Smith v. Sage* (1998), 83 Ohio St.3d 209, 699 N.E.2d 87, 88.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____