[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 223.]

THE STATE EX REL. RECKER, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Recker v. Leonard*, 2000-Ohio-303.]

*Habeas corpus to compel relator's release from prison on parole—Dismissal of petition affirmed.*

(No. 99-1571—Submitted February 9, 2000—Decided March 15, 2000.)

APPEAL from the Court of Appeals for Allen County, No. 1-99-58.

———————————

{¶ 1} In December 1990, the Putnam County Court of Common Pleas convicted appellant, Ronald J. Recker, of felonious sexual penetration and gross sexual imposition and sentenced him to an aggregate term of six to twenty-five years in prison. In 1994 and 1997, Recker was denied parole. In 1999, Recker filed a petition in the court of appeals for a writ of habeas corpus to compel appellees, Warden Michael A. Leonard and Ohio Adult Parole Authority Chairperson Margarette T. Ghee, to release him on parole. Recker claimed that he had a right to parole based on the provisions of Am.Sub.S.B. No. 2. The court of appeals dismissed the petition.

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*Ronald Recker, pro se.*

*Betty D. Montgomery*, Attorney General, *Stuart W. Harris* and *Laurence R. Snyder*, Assistant Attorneys General, for appellee.

———————————

**Per Curiam.**

{¶ 3} For the following reasons, the court of appeals properly dismissed Recker's habeas corpus petition.

**{¶ 4}** Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, does not apply to persons, like Recker, who were convicted and sentenced before July 1, 1996. *State ex rel. Smith v. Sage* (1998), 83 Ohio St.3d 209, 209-210, 699 N.E.2d 87, 88.

**{¶ 5}** Moreover, Recker has no constitutional or inherent right to be conditionally released before the expiration of his sentence. *State ex rel. Hogan v. Ghee* (1999), 85 Ohio St.3d 150, 151, 707 N.E.2d 494, 495.

**{¶ 6}** Finally, the court of appeals did not err in assessing costs against Recker. Contrary to Recker's contentions on appeal, he should *not* have prevailed in his habeas corpus action.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————