DECISION
On November 1, 2001, petitioner, Robert L. Poole, filed a petition for writ of mandamus seeking this court to order respondents Ohio Adult Parole Authority ("APA"), and John Barkeloo, supervisor, to grant petitioner a final release certificate.
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. On November 30, 2001, respondents filed a motion for judgment on the pleadings.
On January 4, 2002, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion for judgment on the pleadings. (Magistrate's Decision, appendix A.) In the decision, the magistrate made the following findings of fact. On September 27, 2000, petitioner was released on parole from the custody of the Ohio Department of Rehabilitation and Correction after serving a sentence for convictions of kidnapping and felonious assault. As part of his parole, petitioner was required to comply with all conditions of supervision set forth by the APA, including successfully completing a psychological assessment and treatment if indicated. According to petitioner's averments in the petition, the APA has not yet concluded that he has successfully complied with all the conditions of supervision, and the APA has not released him from parole.
The magistrate's decision included the following conclusions of law:
 Petitioner has provided no legal basis for why his continued supervision by the APA following his release on parole is improper. There is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150. In the present case, the petitioner has been granted parole; however, he was paroled under supervision and with certain conditions. Petitioner cannot use a writ of mandamus to control an action of the APA which is discretionary. Petitioner simply does not have the right to be immediately released from parole. Further, inasmuch as petitioner is seeking immediate release from parole supervision, habeas corpus rather than mandamus is the proper action for him to pursue.
In order to be entitled to a writ of mandamus, petitioner must demonstrate the following: (1) that he has a clear legal right to the relief prayed for; (2) that respondents have a clear legal duty to perform the act requested; and (3) that petitioner has no plain and adequate remedy at law. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490.
This court has previously noted that "[m]andamus may not be used to compel the performance of a permissive act." Pryor v. State (1996), Franklin App. No. 96APE05-653. The decision "[w]hether to immediately grant parole, or to grant a final release from parole once granted, rests within the discretion of the Adult Parole Authority." Aleman v. Ohio Adult Parole Auth. (1995), Hocking App. No. 94CA17. See, also, Pryor, supra ("Because the decision to grant parole is discretionary, appellant's attempt to seek release on parole pursuant to mandamus cannot state a claim for relief").
Further, as the magistrate correctly noted, the Ohio Supreme Court has held that "[t]here is no constitutional or inherent right to be released before the expiration of a valid sentence." State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47. See, also, Young v. Ohio Dept. of Rehab. Corr. (1996), Franklin App. No. 96API02-173 ("as there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence," it likewise "follows that there is no constitutional or inherent right to be `unconditionally' released or `finally' released before the expiration of a valid sentence").
Based upon the foregoing, petitioner has failed to meet each of the essential elements necessary for this court to grant a writ of mandamus, and we therefore adopt the magistrate's recommendation and grant respondents' motion for judgment on the pleadings. Accordingly, petitioner's original action against respondents is hereby ordered dismissed.
Respondents' motion for judgment on the pleadings granted; petition for writ of mandamus dismissed.
BRYANT and LAZARUS, JJ., concur.
 IN MANDAMUS ON MOTION FOR JUDGMENT ON THE PLEADINGS
Petitioner, Robert L. Poole, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Ohio Adult Parole Authority ("APA") and John Barkeloo, Supervisor, to grant petitioner a final release certificate terminating his parole. Respondents have filed a motion for judgment on the pleadings asserting that petitioner's petition fails to state a claim entitling him to relief in mandamus.
Findings of Fact:
1. On September 27, 2000, petitioner was released on parole from the custody of the Ohio Department of Rehabilitation and Correction after serving a sentence following conviction for kidnapping and felonious assault. As part of the parole, petitioner was required to comply with all conditions of supervision set forth by the APA including successfully completing a psychological assessment and treatment if indicated.
2. According to his petition, the APA has not yet concluded that he has successfully complied with all the conditions of supervision and the APA has not released him from parole.
3. Petitioner has filed this action asking this court to order respondents to release him from parole.
4. Respondents have filed a motion for judgment on the pleadings.
Conclusions of Law:
For the reasons that follow, this magistrate concludes that this court should grant respondents' motion for judgment on the pleadings.
In order to be entitled to a writ of mandamus, the petitioner must demonstrate that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the requested act, and that the petitioner has no plain and adequate remedy at law. State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89. A failure to show any one of these prerequisites requires the court to deny the petition. State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199.
Petitioner has provided no legal basis for why his continued supervision by the APA following his release on parole is improper. There is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150. In the present case, the petitioner has been granted parole; however, he was paroled under supervision and with certain conditions. Petitioner cannot use a writ of mandamus to control an action of the APA which is discretionary. Petitioner simply does not have the right to be immediately released from parole. Further, inasmuch as petitioner is seeking immediate release from parole supervision, habeas corpus rather than mandamus is the proper action for him to pursue.
For all the above reasons, it is this magistrate's decision that petitioner has not established a clear legal right to a writ of mandamus and that respondents have demonstrated that they are entitled to judgment on the pleadings. As such, this court should grant respondents' motion for judgment on the pleadings and petitioner's action should be dismissed accordingly.