JOURNAL ENTRY and OPINION.
{¶ 1} In the underlying case, Siemientkowski v. Moreland Homes,Inc., et al., Cuyahoga County Common Pleas Court Case No. CV-02-471206, Ronald and Sara Siemientkowski, (hereinafter the Siemientkowskis) commenced in May 2002, a civil action against several dozen defendants, some of whom resided in Cuyahoga County. This complaint asserts claims for, inter alia, fraud, negligence, toxic assault, civil conspiracy, intentional infliction of emotional distress, violations of Ohio's consumer sales act, and breach of contract and warranty, arising out of defects in their newly built home in Lorain County.[1]
 {¶ 2} In February 2003, the originally assigned judge recused herself, and the case was transferred to Judge Eileen Gallagher. On March 4, 2003, Judge Gallagher dismissed the Ohio Environmental Protection Agency and another defendant and then, pursuant to Civil Rule 3(B), sua sponte transferred the case to the Lorain County Common Pleas Court, which assigned Judge Mark Betleski to the case. On April 10, 2003, the Siemientkowskis commenced this extraordinary writ action against Judge Gallagher and Judge Betleski. The complaint sought mandamus against Judge Gallagher to compel her to vacate her order transferring venue to Lorain County, to make no further decisions, to recuse herself from the case, and to pay damages for the costs the Siemientkowskis incurred in correcting the wrongful decision to transfer venue.[2] The complaint sought prohibition against Judge Betleski to prohibit him from proceeding further on this case and to transfer the case back to Cuyahoga County. On April 23, 2003, Judge Gallagher, through the Cuyahoga County Prosecutor, moved to dismiss on the grounds that mandamus cannot issue to control the discretion of the trial court, and that appeal is an adequate remedy at law.
 {¶ 3} On April 25, 2003, the Lorain County Common Pleas Court issued an order noting that, on March 31, 2003, Judge Betleski recused himself from the case. This order further stated "that this case was properly filed and venued in Cuyahoga County and therefore the Lorain County Clerk of Courts is hereby directed to transfer this case to the Cuyahoga County Clerk of Courts. All further proceedings and any pending motions to be determined by the Cuyahoga County Common Pleas Court." On May 6, the Siemientkowskis filed a brief in opposition to Judge Gallagher's motion to dismiss. In this brief they noted that, because of the action taken by the Lorain County Common Pleas Court, the prohibition claim against Judge Betleski was moot, and on May 23, 2003, they officially dismissed the prohibition action.
 {¶ 4} On May 14, Judge Gallagher supplemented her motion to dismiss by arguing that the transfer back to Cuyahoga County rendered the mandamus action moot as well. On May 20, 2003, the Siemientkowskis filed a surreply brief in opposition to Judge Gallagher's motion to dismiss. They argued that mandamus should lie for the following matters: to compel Judge Gallagher to vacate her change of venue order; to ensure that the underlying case be placed on the active docket of the Cuyahoga County Common Pleas Court; to remove Judge Gallagher from the underlying case; and to award costs and damages arising out of the wrongful transfer. This court grants Judge Gallagher's motion to dismiss and declines to issue the writ of mandamus for the following reasons.
 {¶ 5} The transfer of the underlying case from the Lorain County Common Pleas Court back to the Cuyahoga County Common Pleas Court really does render the issue of the propriety of Judge Gallagher's transfer order moot. The underlying case is no longer pending in Lorain County and is back on the docket of the Cuyahoga County Common Pleas Court. A recent review of the docket reveals that a pretrial was held in the underlying case at which a schedule for submission of experts' reports was issued, that two more defendants have been dismissed, and the Siemientkowskis have filed an affidavit of prejudice against Judge Gallagher in the Supreme Court of Ohio. Where the underlying case should properly be venued is no longer an active issue, and this court cannot grant any meaningful relief relating to venue. It would be futile to order that the underlying case be venued in Cuyahoga County, because that is where the case is. Tschantz v. Ferguson (1991), 57 Ohio St.2d 131, 566 N.E.2d 655. Moreover, to the extent that this court now ruled that the underlying case is properly venued in Cuyahoga County, it would be issuing a declaratory judgment which this court does not have jurisdiction to do.State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150, 1999-Ohio-445,707 N.E.2d 494.
 {¶ 6} Furthermore, mandamus will not lie to remove a judge for bias. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. The proper remedy for removing a judge for bias is filing an affidavit of disqualification with the Supreme Court of Ohio, pursuant to R.C. 2701.03. The docket reveals that the Siemientkowskis are pursuing this remedy.
 {¶ 7} Finally, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connolev. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308. The Siemientkowskis seek damages against Judge Gallagher for all of the costs they incurred resulting from the transfer of venue; this includes $6,000 for a two-month delay in their case. However, they cite no authority to support such an award in a mandamus action. Without such authority, it is uncertain that such a claim in mandamus lies, and this court declines to issue the writ for that purpose. Moreover, to the extent that any error in assigning costs occurs in the underlying case, appeal provides an adequate remedy.
 {¶ 8} Accordingly, this court grants Judge Gallagher's motion to dismiss and dismisses this application for a writ of mandamus. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
KENNETH A. ROCCO, A.J. and MICHAEL J. CORRIGAN, J. concur.
[1] The Siemientkowskis allege, inter alia, that a leach bed encroached on their property and that these defects injured them personally and rendered their home uninhabitable.
[2] The Siemientkowskis argue as follows: Because venue is proper as to some of the defendants, then under Civ.R. 3(E) venue is proper as to all of the defendants. Under Civ.R. 3(C), Change of Venue, none of the prerequisites for changing venue were present. Venue was proper or was waived as a defense, default judgment was not being entered under Civ.R. 3(C)(3), and no one questioned that a fair and impartial trial could not be had in Cuyahoga County under Civ.R. 3(C)(4). Therefore, Judge Gallagher had no authority to transfer the case, and mandamus could be used to correct an improper transfer of venue. State ex rel. Starner v.DeHoff (1985), 18 Ohio St.3d 163, 480 N.E.2d 449.