JOURNAL ENTRY and OPINION
{¶ 1} This appeal is brought upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to permit the court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn.
(1983), 11 Ohio App.3d 158.
 {¶ 2} In this action in which he sought a declaratory judgment that parole had been denied to him "unjustifiably and arbitrarily," plaintiff-appellant Daries Sherrills appeals from the trial court's order that granted defendant-appellee the Ohio Adult Parole Authority's ("OAPA's") Civ.R. 12(B)(6) motion to dismiss the complaint.
 {¶ 3} Appellant presents four challenges to the order. He asserts the trial court lacked a basis upon which to determine he could prove no set of facts that entitled him to relief. In a related argument, he claims the trial court improperly prevented him from obtaining discovery prior to dismissing his complaint. He further asserts the trial court should have permitted him personally to present his arguments in support of his complaint. Finally, he asserts the sentence originally imposed upon him in the criminal proceeding is "illegal."[1] None of appellant's challenges, however, have merit.
 {¶ 4} In his complaint, appellant stated that he had been convicted more than sixteen years previously of aggravated burglary and gross sexual imposition. He alleged that the OAPA recently had applied parole guidelines to his case which prevented him from obtaining his freedom from incarceration for the crimes; specifically, the OAPA's guidelines had determined that appellant's "denial of guilt" for the crimes constituted "a failure to take responsibility for his actions making him a threat to society," consequently, he was ineligible for parole. He claimed such guidelines denied him his constitutional rights to due process and equal protection of law. Although he did not specify the relief to which he was entitled, appellant apparently sought an order of release from prison.[2]
 {¶ 5} Approximately three weeks later, appellant submitted to the trial court a request for "subpoena" power to obtain documents related to his assertions and his original convictions.
 {¶ 6} The OAPA responded with a Civ.R. 12(B)(6) motion to dismiss the complaint, together with a motion to stay appellant's demand for the foregoing discovery. The parties subsequently filed additional motions; in a few of them, appellant requested the trial court for "telephonic conferences" and transportation to Cuyahoga County in order orally to argue against dismissal.
 {¶ 7} The trial court, however, ultimately granted the OAPA's motion to dismiss the complaint. Despite the challenge to that decision appellant presents in this appeal, a review of the record demonstrates the trial court acted properly for several reasons.
 {¶ 8} First, appellant filed a civil action against a government entity without complying with the mandatory requirements of R.C. 2969.25. The trial court properly dismissed his complaint on this basis alone. State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117.
 {¶ 9} Second, a convicted felon has neither a constitutional, statutory, nor an inherent right to parole; indeed, a prisoner has no right at all to be released from prison prior to the expiration of a valid sentence. State ex rel. Miller v.Leonard, 88 Ohio St.3d 46, 2000-Ohio-267. Rather, the OAPA "retains * * * discretion to consider any circumstances relating to the offense conviction" when considering whether to grant parole. Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719, ¶ 28; R.C. 2967.03. Appellant's allegation of what amounted to only a "unilateral expectation" of parole thus was insufficient to withstand the OAPA's Civ.R. 12(B)(6) motion.Papp v. Ohio Adult Parole Auth., Franklin App. No. 01AP-892, 2002-Ohio-199; cf., Hawley v. Ghee, Cuyahoga App. No. 80057, 2003-Ohio-2041.
 {¶ 10} Third, the legal authority upon which appellant relied to support the claims he presented in his complaint was reversed on other grounds and remanded in Seymour v. Ohio Adult ParoleAuth., Richland App. No. 03CA16, 2003-Ohio-5594.
 {¶ 11} Appellant's remaining assertions of error similarly lack merit. A Civ.R. 12(B)(6) motion tests only the sufficiency of the complaint; therefore, the trial court did not abuse its discretion by ruling on the motion before permitting discovery to proceed. Budd v. Kinkela, Franklin App. No. 01AP-1478, 2002-Ohio-4311, ¶ 13; State ex rel. Sherrills v. Court of CommonPleas of Cuy. Cty., 72 Ohio St.3d 461, 1995-Ohio-26.
 {¶ 12} Moreover, since there is a "general rule of non-attendance" for prisoners who bring civil actions, the trial court also did not abuse its discretion in failing to permit appellant orally to present his arguments with respect to his complaint. In re Wilkinson (6th Cir., 1998), 137 F.3d 911,916.
 {¶ 13} The trial court's decision is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and George, J.* concur.
(*Sitting by Assignment, Retired, of The 9th District Court of Appeals).
[1] This court has no authority to consider appellant's final assertion. App.R. 4(A).
[2] This conclusion is based upon the fact that appellant cited in his complaint Seymour v. Ohio Adult Parole Auth. (Jan. 10, 2003), Richland Common Pleas No. 02-CV-280H, which held the claimants' continued confinement was "illegal."