THE STATE, EX REL. LOCKHART, APPELLEE, *v.* BOBEREK ET AL., APPELLANTS.

[Cite as State, ex rel. Lockhart, v. Boberek (1976), 45 Ohio St. 2d 292.]

(No. 75-790—Decided March 24, 1976.)

Mr. N. Norman Gravill, for appellee.

Mr. Jules N. Koach, solicitor, for appellants.

STERN, J. R. C. 705.92 provides for the removal of elective officers of a municipal corporation by petition and recall. The primary focus of inquiry in this case has been whether R. C. 705.92 is constitutional in light of Section 38 of Article II of the Ohio Constitution, which mandates that laws be passed for the removal of officials "upon complaint and hearing * * * for any misconduct involving moral turpitude or for other cause provided by law." That issue is presumably controlled by this court's decision in State, ex rel. Hackley, v. Edmonds (1948), 150 Ohio St. 203, 80 N. E. 2d 769. In that case, the court upheld a recall provision of the home-rule charter of the city of Hamilton, stating in paragraphs one and three of the syllabus:

"1. Section 7 of Article XVIII of the Constitution of Ohio vests in a municipality adopting a charter pursuant thereto the power to prescribe the manner of selecting the members of its council, to fix the terms of such members, and to so restrict the tenure of office of such members as to make such tenure dependent upon the will of the electors.

"* * *

"3. The provisions of the charter of the city of Hamilton, providing for the recall of members of its council, do not violate Section 38 of Article II of the Constitution of Ohio."

However, neither that decision nor R. C. 705.92 has any application to the present case. R. C. Chapter 705 deals with the adoption and the form of municipal charters, and sets out various optional plans of charter government which may be submitted to the electors of a municipal corporation. In general, that chapter has no application to a non-chartered municipality, except of course in regard to the manner of adopting a charter form of government.

As with other provisions contained in R. C. Chapter 705, the recall provision in R. C. 705.92 plainly applies only to chartered municipalities.

294

R. C. 705.91 provides:

"All laws pertaining to the initiative and referendum in municipal corporations shall apply to and become a part of each plan of government provided in Sections 705.41 to 705.86, inclusive, of the Revised Code. *Section 705.92 of the Revised Code shall be submitted, with each such plan, to the electors of the municipal corporation as prescribed in Section 705.03 of the Revised Code, and shall go into effect and form a part of any such plan of government only to the extent to which such Section has been adopted under Section 705.03 of the Revised Code.*" (Emphasis added.)

The clear meaning of R. C. 705.91 is that the provisions of R. C. 705.92 go into effect only to the extent that they have been adopted by the voters of a municipal corporation as part of a home-rule charter. Thus, R. C. 705.92 can have no application to a non-chartered village such as Valley View. Removal of officials in non-chartered villages is governed by R. C. 733.34 through 733.39; in municipal corporations, generally, by R. C. 733.72 through 733.77; and in the state, municipalities and counties by R. C. 3.07 through 3.10. No provision for a recall is contained in any of those statutes.[*]

Respondents, as councilmen in a non-chartered village, obviously have no legal duties imposed upon them by R. C. 705.92. For that reason, the granting of the writ of mandamus by the Court of Appeals was error, and the judgment of that court must be, and is, reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[*]Relator makes no claim that the village of Valley View has itself adopted any provision for a recall election, and we therefore are not presented with the question of whether such a provision would be valid, under Section 38 of Article II of the Ohio Constitution, if the provision were not a part of a home-rule charter.