JACKSON, APPELLANT, *v.* JOHNSON, WARDEN, APPELLEE.

[Cite as *Jackson v. Johnson,* 135 Ohio St.3d 364, 2013-Ohio-999.]

*Habeas corpus—Petition insufficient—R.C. 2725.04—Claim not cognizable in habeas corpus—Adequate remedy at law—Judgment dismissing petition for writ affirmed.*

(No. 2012-1842—Submitted March 13, 2013—Decided March 21, 2013.)

APPEAL from the Court of Appeals for Madison County,

No. CA2012-07-015.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals granting the motion of appellee, Madison Correctional Institution Warden Rod B. Johnson, to dismiss the petition of appellant, Anthony Jackson, for a writ of habeas corpus. Jackson's claims are defective, first, because he did not attach a complete copy of his commitment papers to the petition, as required by R.C. 2725.04(D). Specifically, Jackson was first sentenced on March 27, 2000, but the journal entry attached to his complaint for that date appears to lack the page containing the judge's signature. In addition, he failed to attach the resentencing entry from November 1, 2011. Second, his claims have no merit because they are not appropriate for review in habeas corpus.

{¶ 2}   Although the court of appeals did not consider the issue, failure to attach the commitment papers to a petition for habeas corpus is fatally defective. *Hughley v. Saunders*, 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 370.

{¶ 3}   But even if Jackson had properly attached his commitment papers, the claims for which he seeks relief are not cognizable in habeas corpus. Habeas corpus is not generally available when there is an adequate remedy at law.

Jackson claims that he was denied due process because the trial court failed to properly instruct the jury. He had an adequate remedy by way of appeal for this claim. *State ex rel. Nickleson v. Mayberry*, 131 Ohio St.3d 416, 2012-Ohio-1300, 965 N.E.2d 1000, ¶ 2, citing *Smith v. Mitchell*, 80 Ohio St.3d 624, 625, 687 N.E.2d 749 (1998).

**{¶ 4}** Jackson claims sentencing error in that he was given two separate sentences for what he argues were allied offenses. Again, he had an adequate remedy by way of appeal. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10, citing *Mosely v. Echols*, 62 Ohio St.3d 75, 578 N.E.2d 454 (1991) ("allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus").

**{¶ 5}** Jackson also claims that he has been denied a right to appeal because his initial appeal was dismissed for a procedural failure and two attempted delayed appeals were denied. However, the availability of appeal is an adequate remedy at law, even if that remedy is unsuccessful. *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998).

**{¶ 6}** Moreover, because the merits of his claims have never been heard on appeal, Jackson has a potential remedy in that he could petition the court of appeals to proceed with a delayed or reinstated appeal. *See, e.g., State v. Douglas*, 8th Dist. No. 88367, 2007-Ohio-5941 (an appeal was reinstated because appellate counsel had failed to raise an issue). Because he has adequate remedies at law, habeas corpus relief is inappropriate.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Anthony K. Jackson, pro se.

Michael DeWine, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.

_____