[Cite as *State ex rel. Crangle v. Summit Cty. Common Pleas Court*, 2020-Ohio-368.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. THOMAS
CHARLES CRANGLE

    Relator

    v.

SUMMIT COUNTY COMMON PLEAS
COURT

    Respondent

C.A. No.    29569

ORIGINAL ACTION IN
MANDAMUS

Dated: February 5, 2020

PER CURIAM.

{¶1} Thomas Charles Crangle has petitioned this Court for a writ of mandamus to order Respondent, Summit County Common Pleas Court, to vacate his void sentence and resentence him. The Common Pleas Court moved to dismiss, and Mr. Crangle responded in opposition. For the following reasons, this Court grants the motion to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The petitioner must demonstrate all three elements in order for this Court to grant the writ of mandamus. "A court can dismiss

a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3} Mr. Crangle alleged only a few facts in his complaint, which we will presume are true, with reasonable inferences made in his favor, as the first step in deciding the motion to dismiss. Mr. Crangle was sentenced to a definite term of life in prison following his conviction for rape. According to the journal entries he attached to, and incorporated in, his complaint, he entered a guilty plea in 2007 to one count of rape. The trial court sentenced him to a definite term of life imprisonment with parole eligibility after ten years.

{¶4} Mr. Crangle's complaint alleged that he is entitled to a writ of mandamus to direct the common pleas court to vacate his definite sentence, which he alleged is void, and resentence him to an indefinite sentence of 15 years to life, which he alleged the sentencing statute at the time required. Respondent moved to dismiss. It argued that Mr. Crangle was not entitled to the writ of mandamus, in part because appeal provided an adequate remedy. It pointed to Mr. Crangle's various post-sentence appeals to show that Mr. Crangle had, in fact, used appeal as an adequate remedy. Mr. Crangle responded that Resondent could not rely on materials outside the complaint in its Civ.R. 12(B)(6) motion to dismiss. We need not consider Mr. Crangle's prior appeals because it is the availability

of appeal as an adequate remedy that is significant, not whether the relator has actually used that remedy.

{¶5} As noted above, Respondent argued that Mr. Crangle failed to demonstrate that he is entitled to a writ of mandamus because he had an adequate remedy at law, by way of appeal, to raise this issue. The Ohio Supreme Court recently considered this question in a nearly identical factual situation. The defendant in that case had been sentenced to a definite term of life imprisonment for rape and, following appeal and a petition for postconviction relief, he sought a writ of mandamus in the Fifth District Court of Appeals. *State ex rel. Green v. Wetzel*, Slip Opinion No. 2019-Ohio-4228, ¶ 2-4. The Fifth District dismissed the complaint and Green appealed. *Id.* at ¶ 5.

{¶6} The Supreme Court summarized the relator's argument, and its conclusions, in one succinct paragraph:

> {¶ 10} First, he argues that he is entitled to resentencing because a definite term of life in prison is not a valid sentence for rape of a child under age 13 with no associated specifications. But that claim is not cognizable in mandamus, since "sentencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. Here, Green had an adequate remedy at law because he could have challenged the sentence on direct appeal, *State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶ 20, and he did present this claim—albeit unsuccessfully—in a postconviction petition, *see Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

*Id.* As in *Green*, Mr. Crangle had an adequate remedy by way of appeal to challenge his sentence. Because appeal provided an adequate remedy at law, mandamus relief is not available.

{¶7}    Because appeal provided Mr. Crangle with an adequate remedy at law to challenge his sentence, the motion to dismiss is granted, and this case is dismissed.  Costs are taxed to Mr. Crangle.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.

 

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS CHARLES CRANGLE, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.