[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gomez v. Bennett*, Slip Opinion No. 2021-Ohio-2797.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2797

GOMEZ *v*. BENNETT, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gomez v. Bennett*, Slip Opinion No. 2021-Ohio-2797.]**

*Habeas corpus—Petition defective for petitioner's failing to provide a copy of the commitment or cause of detention as required by R.C. 2725.04(D), failing to name a proper respondent under R.C. 2725.04(B), and failing to state a valid claim for habeas relief—Cause dismissed.*

(No. 2021-0668—Submitted August 6, 2021—Decided August 17, 2021.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} On May 24, 2021, petitioner, John Paul Gomez, filed a petition for a writ of habeas corpus on behalf of his minor son, E.G.[1]  Gomez filed an amended

_____

1. Gomez is not an attorney.  However, as E.G.'s biological father, he is arguably authorized under R.C. 2725.04 to file a writ of habeas corpus on behalf of E.G. to obtain E.G.'s release from confinement.  *See Cuyahoga Cty. Bar Assn. v. Spurlock*, 96 Ohio St.3d 18, 2002-Ohio-2580, 770 N.E.2d 568, ¶ 11-15.  We assume, without deciding, that Gomez is so authorized.

petition the next day, naming Guernsey County Juvenile Court Judge David Bennett and Muskingum County Juvenile Court Magistrate Erin Welch as respondents.  We have not ordered a return on the writ.  Nonetheless, Judge Bennett filed a motion to dismiss the action against him.  We grant Judge Bennett's motion and dismiss this action sua sponte as to Magistrate Welch because the amended petition is procedurally defective and fails to state a claim for relief.

## I.  Allegations in the Amended Petition

{¶ 2} Gomez is E.G.'s biological father.  The amended petition contains numerous allegations regarding a 2020 juvenile-delinquency adjudication against E.G. in the Guernsey County Juvenile Court and the juvenile-court proceedings before Judge Bennett, the appeal that followed, and related probation-violation proceedings.  In the most recent proceeding before Judge Bennett in March 2021, E.G. was placed under house arrest for a probation violation.

{¶ 3} Gomez alleges that E.G. was arrested in Muskingum County in April 2021 on felony charges of assaulting law-enforcement officers, resulting in a detention hearing before Magistrate Welch.  The amended petition alleges that E.G. is detained in Muskingum County as a result of those charges.  And Gomez states that Judge Bennett granted his request to transfer the Guernsey County delinquency proceedings to Muskingum County.

{¶ 4} Gomez asserts that, because E.G. is presumed innocent until the Muskingum County charges against him are proved to be true, E.G.'s current detention is illegal and he asks for a writ of habeas corpus ordering E.G.'s immediate release.

## II.  Analysis

{¶ 5} Dismissal of this action is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Gomez's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested

extraordinary relief in habeas corpus. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 7.

{¶ 6} We dismiss this action for three reasons. First, the amended petition is defective for failure to satisfy R.C. 2725.04(D), which requires that a habeas petition contain a "copy of the commitment or cause of detention." Gomez has not provided any documentation showing that his son is currently detained or the reason for the alleged detention. This non-compliance with R.C. 2725.04(D) is fatal to Gomez's habeas claim. *E.g.*, *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, 880 N.E.2d 919, ¶ 1, 4 (petition for a writ of habeas corpus that failed to include copies of all pertinent commitment papers was fatally defective).

{¶ 7} Second, Gomez fails to name a proper respondent. Under R.C. 2725.04(B), a petition for a writ of habeas corpus must specify "the person by whom the prisoner is so confined or restrained." Gomez names Judge Bennett and Magistrate Welch, but neither of them is alleged to be E.G.'s custodian. Failure to name a proper respondent is a sufficient basis for dismissal of a habeas petition. *See State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001).

{¶ 8} Finally, Gomez's amended petition fails to state a valid claim for habeas relief. A writ of habeas corpus is available when a court's judgment is void for lack of jurisdiction. *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9. In this case, Gomez alleges that Judge Bennett denied both him and E.G. of their rights to due process and the effective assistance of counsel in the Guernsey County Juvenile Court proceedings. But habeas does not lie to contest such nonjurisdictional errors or irregularities; an appeal is an adequate remedy in the ordinary course of law to raise those types of issues. *See, e.g.*, *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3 (alleged due-process violation not cognizable in habeas corpus); *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7 (ineffective assistance of counsel claim not cognizable in habeas corpus). Moreover, the amended petition

alleges that E.G.'s *current* confinement stems from his arrest on felony charges in Muskingum County and subsequent proceedings before Magistrate Welch. And Gomez has not alleged a defect in the Muskingum County proceedings that implicates the juvenile court's jurisdiction over E.G.'s case.

{¶ 9} For these reasons, we grant Judge Bennett's motion to dismiss and sua sponte dismiss this action as to Magistrate Welch.

Cause dismissed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

––––––––––––––––––

John Paul Gomez, pro se.

Lindsey Angler, Guernsey County Prosecuting Attorney, and Jason R. Farley, Assistant Prosecuting Attorney, for respondent Judge Bennett.

––––––––––––––––––