[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richardson v. Gowdy*, Slip Opinion No. 2023-Ohio-976.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2023-Ohio-976**

**THE STATE EX REL. RICHARDSON *v.* GOWDY ET AL.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richardson v. Gowdy*, Slip Opinion No. 2023-Ohio-976.]**

*Elections—Mandamus—Writ sought to compel city council president to appoint clerk of council to complete recall-petition process or for board of elections to certify sufficiency of petition signatures—By appointing new clerk of council, council president performed the action relator sought to compel—A writ of mandamus will not issue to compel action that has been performed—Council president had no legal duty to certify number of valid signatures on recall petitions—R.C. 705.92 inapplicable under facts of the case—Writ denied.*

(No. 2023-0295—Submitted March 21, 2023—Decided March 24, 2023.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} In December 2022, East Cleveland electors began circulating petitions to recall three members of the East Cleveland city council. Under the city's charter, signed petitions had to be filed with the clerk of council within 30 days after filing with the clerk the affidavit stating the names of the council members whose removals were sought, East Cleveland City Charter, Section 52, and on filing of the petitions, the clerk had to certify whether a sufficient number of electors had signed the petitions, *id.*, Section 53. But by the time the electors had finished collecting signatures, the clerk-of-council position was vacant—the council president terminated the former clerk's employment in early January 2023. Relator, Terrie Richardson, filed this lawsuit to compel the council president to appoint a new clerk of council to complete the recall-petition process in time to place the recall elections on the May 2, 2023 primary-election ballot. Alternatively, Richardson asserts that the circumstances of this case warrant bypassing the clerk's duties under the charter and permitting the board of elections to certify the sufficiency of the petition signatures.

{¶ 2} After this lawsuit was filed, the city council elected a new president, who then appointed a new clerk. The new council president instructed the clerk to process the recall petitions within one week. The appointment of the clerk of council moots part of the claims in this case. As to the rest, Richardson has not shown any right to relief in mandamus. Accordingly, we deny the requested writ.

{¶ 3} Richardson also seeks awards of attorney fees and costs. Richardson has filed a motion to establish the amount of security for costs. We deny the request for attorney fees, but we grant the request for costs. We grant Richardson's motion to establish the amount of security for costs and waive the provision of security for costs.

## I. Background

**{¶ 4}** We recently explained the process for attempting to recall an East Cleveland officeholder:

East Cleveland's city charter establishes procedures for a recall against a municipal officeholder. The charter requires the clerk of the city council to keep a supply of blank recall petition forms on hand. East Cleveland City Charter, Section 50. The clerk must issue blank forms upon receipt of an affidavit "stating the name of the member or members of the Council whose removal is sought." *Id.* From the time the affidavit is filed, the petition circulators have 30 days to gather signatures and file the part-petitions with the clerk. *Id.*, Section 52.

The recall process is formally initiated by the filing of the petition, signed by a sufficient number of electors, with the clerk. *Id.*, Section 49. The clerk must then "certify * * * whether the signature of electors [on the petition] amount in number to at least twenty-five (25) percent of the voters voting at the last regular municipal election of officers." *Id.*, Section 53. If the petition contains enough signatures, the clerk must "serve notice of that fact upon" the officeholder designated in the recall petition and deliver a copy of the petition to "the election authorities" along with the certification regarding the percentage of voters who cast ballots at the last municipal election. *Id.*, Section 54.

The officeholder designated in the recall petition may resign within five days of the clerk's certification. *Id.*, Section 54. If the designated officeholder does not resign within that five-day period, "the election authorities shall forthwith order and fix a day for holding

a recall election," with the fixed day being no later than 90 days after the expiration of the five-day resignation period. *Id.*

(Ellipsis and brackets sic and footnote omitted.) *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, __ Ohio St.3d __, 2022-Ohio-3613, __ N.E.3d __, ¶ 2-4.

{¶ 5} On December 21, 2022, Richardson and two other East Cleveland electors obtained blank petitions for the recall of East Cleveland city council members Korean Stevenson, Juanita Gowdy, and Patricia Blochowiak. At that time, Tracy Udrija-Peters was the clerk of council. On January 3, 2023, the city council elected Stevenson as its president. That same day, Stevenson terminated Udrija-Peters's employment.

{¶ 6} On January 20, Richardson and others submitted recall petitions for the three challenged council members to East Cleveland's law director, Willa Hemmons. Richardson claims that they delivered the petitions to Hemmons because no one was serving as the clerk of council at the time. Hemmons took the petitions to respondent Cuyahoga County Board of Elections. According to Hemmons, the board's director told her to certify whether the petitions contained a sufficient number of valid signatures. Hemmons certified that the petitions contained sufficient valid signatures and filed the petitions with the board on January 24.

{¶ 7} On February 13, during a board-of-elections meeting, Hemmons stated that she was not the clerk of council when she filed the petitions. Based in part on that representation, the board voted not to place the recall elections on the May 2023 ballot. Hemmons then filed an original action against the board in the Eighth District Court of Appeals, seeking a writ of procedendo and a declaratory judgment that the recall petitions were properly submitted. Hemmons argued that the board erred in refusing to place the recall elections on the May ballot.

{¶ 8} Under R.C. 733.58, when a municipal officer fails to perform a clear legal duty, the city law director "shall apply to a court of competent jurisdiction for

4

a writ of mandamus to compel the performance of the duty." If the law director fails to do so on written request of any taxpayer of the municipality, the taxpayer may initiate a suit in her own name, on behalf of the municipal corporation. R.C. 733.59. On February 21, Richardson asked Hemmons to file a mandamus action to compel Stevenson to appoint a new clerk of council to complete the recall-petition process in time for placement of the recall elections on the May 2023 ballot. Hemmons declined to do so, citing her direct involvement in the dispute.

{¶ 9} On February 28, Richardson, citing R.C. 733.59, filed this action, seeking a writ of mandamus to compel the council president to appoint a clerk of council to complete the recall-petition process. When Richardson filed her complaint, Stevenson was the council president. But on March 6, Stevenson was replaced as president by Gowdy. Because Gowdy is the current council president, she is automatically substituted for Stevenson as a respondent in this action. *See* S.Ct.Prac.R. 4.06(B).

{¶ 10} On March 12, Gowdy appointed Eric Brewer as the clerk of council and instructed him "that his first priority as Clerk will be to review and process all pending petitions for recall and to certify to the Cuyahoga County Board of Elections whether there are sufficient valid signatures to justify a recall election." Gowdy told Brewer that "he [was] to complete this process within one week."

{¶ 11} Richardson also named the board of elections as a respondent in this action. If Richardson cannot obtain a writ of mandamus against the council president, she seeks a writ of mandamus compelling the board to certify the number of valid signatures on the petitions.

## II. Analysis

### A. Mandamus standard

{¶ 12} To be entitled to a writ of mandamus, Richardson must prove by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

### B. Claim against the council president

{¶ 13} Richardson seeks a writ of mandamus compelling the council president to "immediately appoint a Clerk of Council to perform the ministerial task of certifying the number of valid signatures in each Recall Petition." Richardson's claim against the council president is thus twofold: she seeks (1) to compel the council president to appoint a clerk of council and (2) to compel the clerk of council to certify the number of valid signatures on the recall petitions.

{¶ 14} The first part of Richardson's claim is moot. By appointing Brewer as the clerk of council, Gowdy has already performed the action Richardson seeks to compel. A writ of mandamus will not issue to compel action that has been performed. *See State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

{¶ 15} The board of elections has filed in this court a notice of additional litigation pending in the Cuyahoga County Court of Common Pleas and the Eighth District, in which Gowdy's authority to appoint Brewer as clerk of council has been challenged. The board points in the notice to a legal opinion written by Hemmons, in which she states that Gowdy is not the council president and lacked authority to appoint Brewer as clerk of council. Richardson acknowledges these disputes but concedes that Brewer was duly appointed as clerk of council on March 12. Any questions about the legitimacy of Brewer's appointment, therefore, are not properly before us.

{¶ 16} The second part of Richardson's claim against the council president is not moot, but it fails for another reason: the council president has no legal duty to certify the number of valid signatures on the recall petitions. Under Section 53 of the East Cleveland City Charter, the clerk of council must certify whether the signatures on the petitions are valid and sufficient in number. *See King*, __ Ohio St.3d __, 2022-Ohio-3613, __ N.E.3d __, at ¶ 32. Indeed, in her reply brief, Richardson argues that this court should "order * * * Brewer to immediately certify the number of valid signatures on the Recall Petitions." Richardson is not entitled to the relief she seeks, because she is not actually attempting to enforce a legal duty belonging to the council president, and Brewer is not a party in this case.

{¶ 17} For these reasons, we deny the writ of mandamus as to Richardson's claim against the council president.

### C. Claim against the board

{¶ 18} Richardson also seeks a writ of mandamus compelling the board of elections "to comply with the East Cleveland Charter and R.C. 705.92 to immediately perform the ministerial task of certifying the number of valid signatures in each Recall Petition."

{¶ 19} Under R.C. 705.92(A), a recall petition "shall be filed with the board of elections." Richardson argues that R.C. 705.92 applies when the recall procedure established by East Cleveland's city charter becomes "inoperable." According to Richardson, R.C. 705.92 applies by virtue of East Cleveland City Charter, Section 87, which provides, "All general laws of the State applicable to municipal corporations now or hereafter enacted, and which are not in conflict or inconsistent with the provisions of this Charter, or with ordinances or resolutions hereafter enacted by the Council, shall be applicable to this city and all officers and departments thereof." Richardson contends that R.C. 705.92 is a general law of this state that applies in East Cleveland whenever there is a vacancy in the clerk-of-council position.

{¶ 20} Richardson's argument lacks merit. R.C. 705.92 is not a law that is generally applicable to municipalities. R.C. 705.91 provides that when a municipality's electors are voting on a plan of government pursuant to R.C. 705.03, the question whether to adopt the requirements of R.C. 705.92 "shall be submitted * * * to the electors of the municipal corporation * * *." R.C. 705.91 further provides that R.C. 705.92 "shall go into effect and form part of any such plan of government *only to the extent to which such section has been adopted under* [*R.C. 705.03*]." (Emphasis added.) We have stated that "[t]he clear meaning of R.C. 705.91 is that provisions of R.C. 705.92 go into effect only to the extent that they have been adopted by the voters of a municipal corporation as part of a home-rule charter." *State ex rel. Lockhart v. Boberek*, 45 Ohio St.2d 292, 294, 345 N.E.2d 71 (1976).

{¶ 21} Richardson relies on *State ex rel. McVey v. Banks*, 12th Dist. Clermont No. 83-06-051, 1983 WL 4431, *2 (July 21, 1983), in which the Twelfth District Court of Appeals concluded that R.C. 705.91 does not require a municipality's electors to expressly adopt R.C. 705.92 when the electors have adopted a plan of government other than one described in R.C. Chapter 705. According to *McVey*, R.C. 705.92 "provides the statutory procedures and standards for municipal recall elections in cities governed by home rule city charters and other forms of government beyond the scope of R.C. Chapter 705." *McVey* at *2.

{¶ 22} The analysis in *McVey* is not persuasive. R.C. 705.91 provides that R.C. 705.92 shall become effective in a municipality "only to the extent to which such section has been adopted under [R.C. 705.03]." It is undisputed that East Cleveland's city charter was not adopted under R.C. Chapter 705.03. Moreover, in *McVey*, the court of appeals held that R.C. 705.92 applied because the city charter at issue authorized recall elections while stating that "[t]he procedure for such recall shall be that provided by law." *McVey* at *1. East Cleveland's city charter does not use similar "provided by law" language.

8

**{¶ 23}** Section 87 of the East Cleveland City Charter provides that general laws of the state apply to the city and its officers when they "are not in conflict or inconsistent with the provisions of [the] Charter." Richardson acknowledges that the recall procedures in the East Cleveland City Charter conflict with R.C. 705.92. The clear conflict between the city charter and R.C. 705.92 further supports the conclusion that the statute does not apply to recall petitions involving East Cleveland municipal officeholders. Accordingly, we deny the writ of mandamus as to Richardson's claim against the board of elections.

**{¶ 24}** In her reply brief, Richardson suggests that she may be entitled to a writ of mandamus if the board refuses to accept any certification of the petitions submitted by Brewer based on the board's possible determination that Brewer was not properly appointed. We do not address this concern, because it is speculative and beyond the scope of Richardson's claim against the board.

### D. Attorney fees and costs

**{¶ 25}** In her claim against the council president, Richardson has requested awards of attorney fees and costs "on the basis of R.C. 733.59 and [the council president's] bad faith actions." We deny Richardson's request for attorney fees, because judgment is not being ordered in her favor. *See* R.C. 733.61 (allowing a court, in its discretion, to award reasonable attorney fees to a taxpayer *receiving judgment in her favor*).

**{¶ 26}** Richardson, however, is entitled to an award of costs. Richardson asserted a taxpayer action against the council president under R.C. 733.59. R.C. 733.61 provides:

> If the court hearing a case under [R.C. 733.59] is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be

allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney.

This statutory language entitles Richardson to an award of costs, even without a judgment in her favor, if we determine that she "had good cause to believe that [her] allegations were well founded," *id.*

{¶ 27} As discussed above, Richardson's non-moot claims were not well founded. But it is not necessary for us to decide whether Richardson would have prevailed on her moot claim. For purposes of the request for costs under R.C. 733.61, Richardson need only show that she had good cause to believe that her claim was well founded. We conclude that she has met that burden and therefore grant her request for an award of costs. We grant her motion to establish security for costs and waive the provision of security for costs. *See State ex rel. Harris v. Rubino*, 155 Ohio St.3d 123, 2018-Ohio-3609, 119 N.E.3d 1238, ¶ 36.

### III. Conclusion

{¶ 28} We deny the writ of mandamus and deny Richardson's request for attorney fees. We award costs to Richardson, grant her motion to establish security for costs, and waive the provision of security for costs. Costs are taxed to the council president.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Mendenhall Law Group, Warner Mendenhall, and Logan Trombley, for relator.

Kenneth D. Myers, for respondents Korean Stevenson and Juanita Gowdy.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark

R. Musson, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

————————————