[Cite as *State ex rel. Hemmons v. Cuyahoga Cty. Bd. of Elections*, 2023-Ohio-1148.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
WILLA HEMMONS,                                     :

      Relator,                                  :

                        No. 112403

      v.                                        :

CUYAHOGA COUNTY BOARD
OF ELECTIONS, ET AL.,                              :

      Respondents.                              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** April 4, 2023

---

Writ of Procedendo
Order No. 563279

---

### *Appearances:*

Willa M. Hemmons, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Musson, Assistant Prosecuting Attorney, *for respondents.*

EILEEN T. GALLAGHER, J.:

{¶ 1} On February 14, 2023, the relator, Willa Hemmons, commenced this writ action against the respondents the Cuyahoga County Board of Elections and its

board members, Jeff Hastings, Imajo Chappell, Terrence McCafferty, and Lisa Stickan ("the Board"). The gravamen of this action is to compel the Board to schedule a special recall election for three city of East Cleveland council members, Korean Stevenson, Patricia Blochowiak, and Juanita Gowdy. The specific claims stated in the complaint are for (1) declaratory judgment that the Board violated Hemmons's due process rights under the Ohio and United States Constitutions, (2) a Title 42 United States Code § 1983 claim for deprivation of equal protection and selective enforcement, and (3) a § 1983 claim for deprivation of substantive and procedural due process. Hemmons claims that she is seeking a writ of procedendo to have the Board schedule the recall election. She further seeks to have this court declare that the recall petitions are valid and that the Board erred in denying the signatures of over a thousand registered voters to have recall elections for the three council members. In paragraph 41, she includes the sentence: "a writ of mandamus is appropriate."

{¶ 2} This court set a briefing schedule ordering the parties to submit evidence and briefs by March 3, 2023, and reply briefs by March 10, 2023. The parties have complied with the order and have also filed notice of the outcome of ancillary litigation. This court has reviewed the filings, the evidence, the briefs, and the decision resolving the ancillary litigation, *State ex rel. Richardson v. Gowdy,* Slip Opinion No. 2023-Ohio-976. This case is ripe for resolution.

**Factual and Procedural Background**

{¶ 3} The city of East Cleveland is a charter municipality, and Charter Sections 49 through 54 govern recall elections. The recall procedure is started by a qualified elector of the city obtaining from the Clerk of Council blank recall petitions. The elector must make and submit to the Clerk of Council an affidavit stating the name of the council member whose removal is sought. Upon issuing the petitions, the Clerk of Council shall record the name of the elector to whom the petitions were issued and the date of issuance. In order for the recall election to be held, the petition must be signed by East Cleveland electors who voted in the last regular election of each municipal officer whose recall is sought, equal in number to at least 25 percent of the total number voting at the last regular election of each such municipal officer in which his or her office was contested.

{¶ 4} Upon obtaining sufficient signatures within 30 days, the elector must file the petition with the Clerk of Council, who must then certify upon the petition whether the signatures amount to at least 25 percent of the voters voting in the last regular municipal election of officers. If sufficient valid signatures are obtained, then the Clerk of Council must notify the subject council member and deliver to the election authorities a copy of the original petition with the certificate that the petition has at least 25 percent of the voters voting in the last municipal election, i.e., that it is a valid recall petition. If the subject council member does not resign within five days of being presented with the recall petition, the Clerk of Council shall notify the elections authorities of the fact, and the election authorities shall forthwith

schedule the recall election. Such election shall be held not less than 60 days nor more than 90 days after the expiration of the five-day period.

{¶ 5} Charter Section 111.03(a) provides that the President of Council shall appoint and/or terminate the Clerk of Council, and Council may also elect such other officers and employees of Council, as it deems necessary. Subsection (b) provides that an assistant Clerk of Council may also be appointed in the same manner as specified in subsection (a). Subsection (c) allows Council to appoint a Clerk Pro Tempore or Deputy Clerk, in the absence of the Clerk upon such terms and conditions as Council may determine.

{¶ 6} On December 21, 2022, Clerk of Council Tracy Udrija-Peters issued blank recall petitions to electors seeking to recall the three council members. On January 3, 2023, the East Cleveland City Council elected Korean Stevenson as Council president, and he terminated Udrija-Peters as Clerk of Council and the Deputy Clerk of Council. This left the Council without a clerk. On January 4, 2023, Council Member Nathaniel Martin solely on his own initiative named Law Director Willa Hemmons as temporary Clerk of Council. This appointment was ineffective because it was contrary to the Charter provisions.

{¶ 7} On January 20, 2023, Hemmons accepted the recall petitions. She reviewed the petitions for valid signatures and certified that the three petitions had a sufficient number of valid signatures to hold a recall election. She so notified the three subject council members pursuant to the requirements of the charter and submitted the petitions to the Board of Elections along with her certification that

there were sufficient, valid signatures, so that the Board should schedule the recall elections.

{¶ 8} On February 13, 2023, the Board of Elections conducted a hearing on whether it should schedule the recall elections. During the hearing, Hemmons admitted that she was not the Clerk of Council. (Tr. 5.) Accordingly, the Board of Elections did not schedule the recall elections, because the recall petitions were not processed and presented as required by the East Cleveland Charter. Hemmons then commenced this action.

## Legal Analysis

{¶ 9} This court first notes that the specific claims Hemmons avers to are not appropriate. Her first claim is for a declaratory judgment that the Board of Elections' selective action is unconstitutional as applied as alleged in the complaint. However, this court does not have jurisdiction to issue such declaratory judgments. *State ex rel. Hogan v. Ghee,* 85 Ohio St.3d 150, 707 N.E.2d 494 (1999), and *State ex rel. Williams v. Trim,* 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.2d 501. Similarly, this court has original jurisdiction only over the five extraordinary writs. It does not have jurisdiction to adjudicate § 1983 actions. *State ex rel. Rodgers v. Corrigan,* 8th Dist. Cuyahoga No. 55503, 1988 Ohio App. LEXIS 4993 (Dec. 5, 1988).

{¶ 10} The claim for procedendo is also problematic. The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d

1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 696 N.E.2d 1079 (1998). However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. In the present matter, even assuming that the Board of Elections was exercising judicial power at the February 13, 2023 hearing, it has already reached a decision.

{¶ 11} Viewing Hemmons's complaint in a favorable light, she does plead mandamus. The requisites for mandamus are well established (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). A relator must establish the elements for mandamus by clear and convincing evidence. *State ex rel. King v. Cuyahoga Cty. Bd. of Elections,* Slip Opinion No. 2022-Ohio-3613. Against a board of elections, the first two elements require a court to determine whether the board engaged in fraud, corruption, or abuse of discretion or acted in clear disregard of applicable law. *Id.* Mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

{¶ 12} The East Cleveland Charter requires the Clerk of Council to certify the sufficiency of the recall petitions and issue certificates of the petitions' sufficiency to the Board of Elections. The Clerk of Council did not perform those functions. Willa Hemmons was not the Clerk of Council and could not perform them. The Board of Elections did not abuse its discretion in declining to schedule the recall elections because the required procedure was not fulfilled.

{¶ 13} Hemmons invokes East Cleveland Charter Section 87, which provides that all general laws of Ohio applicable to municipalities and not inconsistent with the Charter shall apply to East Cleveland. Thus, she argues that when there is no Clerk of Council, R.C. 705.92 becomes the default provision for recall elections in East Cleveland and requires the Board of Elections to schedule those elections. The Supreme Court of Ohio rejected this argument in *State ex rel. Richardson v. Gowdy,* Slip Opinion No. 2023-Ohio-976.

{¶ 14} Hemmons's final argument is that Stevenson obstructed the electoral process by firing the Clerk of Council and the Deputy Clerk of Council. She continues that the three subject council members then further obstructed the electoral process by failing to appoint a new Clerk of Council. Hemmons concludes that because the recall petitions have a sufficient number of signatures, the Board is collaborating with the obstruction and abuses its discretion by failing to schedule the recall elections.

{¶ 15} This argument was presented to the Ohio Supreme Court in *Richardson,* that the circumstances of this case warrant bypassing the clerk's duty

under the charter and permitting the Board of Elections to certify the sufficiency of the petitions and to schedule the recall elections. The Supreme Court rejected this argument by ruling that the Board did not have the duty to certify the petitions. The Court also noted that a new Council President in March 2023, appointed a new Clerk of Council and instructed the clerk to make the recall petitions the top priority. It was not an abuse of discretion for the Board of Elections not to disregard the stated law and proceed on what some may think was a just course of its own making.

{¶ 16} Accordingly, this court denies the application for an extraordinary writ. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 17} Writ denied.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR