[Cite as *State ex rel. Kushlak v. Cleveland Animal Protective League*, 2024-Ohio-580.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL., ANTHONY KUSHLAK, :

     Relator, :

      :      No. 112753

     v. :

THE CLEVELAND ANIMAL PROTECTIVE LEAGUE, :

     Respondent. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 9, 2024

---

Writ of Mandamus
Motion No. 565565
Order No. 571904

---

### *Appearances:*

Michaela Huth, *for relator*.

Holland & Muirden and DanaMarie Pannella, *for respondent*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Anthony Kushlak ("Kushlak"), the relator, has filed a complaint for a writ of mandamus. Kushlak essentially seeks a declaratory judgment and a prohibitory injunction that prevents the enforcement of an agreed sentencing

judgment that provides for random, unannounced inspection of Kushlak's residence by the Cleveland Animal Protective League ("APL"), the respondent. The APL has filed a motion to dismiss that is granted for the following reasons.

## I. The Facts

{¶ 2} In *Cleveland v. Kushlak*, Cleveland M.C. No. 2021-CRB-13267, Kushlak was charged with violation of Cleveland Codified Ordinances 603.091(b) (no person shall keep any animal in a place that is unsanitary, including any place where there is an accumulation of feces or other waste, or foul odor, or insect or rodent infestation) and violation of R.C. 959.131(D)(1) (prohibitions concerning companion animals). On June 1, 2022, Kushlak entered a plea of no contest and was found guilty of R.C. 959.13(D)(1), the offense of prohibitions concerning companion animals. The offense of keeping an animal in an unsanitary place, a violation of Cleveland Codified Ordinances 603.091(b), was nolled. As part of the agreed sentence imposed by the trial court, the following condition was imposed as part of community control:

> The Defendant voluntarily consents to random, unannounced inspections of his home and other areas of his property where animals may be kept or cared for by the Cleveland APL or other county humane society where he resides. Such random inspections shall take place during daylight hours at a reasonable time and frequency.

{¶ 3} No appeal was taken by Kushlak from the sentence and conditions of community control journalized on June 1, 2022. On May 23, 2023, Kushlak filed a complaint for a writ of mandamus. Kushlak seeks to:

Enjoin Respondent Cleveland APL from entering Relator Anthony Kushlak's property pursuant to the random and unannounced community control condition set forth in paragraph four of the Agreed Supplemental Sentencing Entry.

Enjoin Respondent Cleveland APL from entering upon Relator Anthony Kushlak's property, including his home, unless the Cleveland APL employee or agent conducting the entry, complies [with] Ohio Revised Code Section 2951.02.

On June 27, 2023, the APL filed a motion to dismiss. On July 17, 2023, Kushlak filed a brief in opposition the APL's motion to dismiss.

## II. Legal Analysis

## A. Adequate Remedy in the Ordinary Course of the Law

{¶ 4} The Ohio Constitution, Article IV, Section 3(B)(1)(b) provides this court with original jurisdiction over a complaint that seeks a writ of mandamus. A writ of mandamus, however, is an extraordinary remedy that can only be granted in a limited set of circumstances. *State ex rel. Parisi v. Heck*, 2d Dist. Montgomery No. 25709, 2013-Ohio-4948. Mandamus can only be employed to compel the performance of a present existing duty to which there is a default. *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983); *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 223 N.E.2d 824 (1967).

{¶ 5} To be granted mandamus, Kushlak must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the APL, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Richardson v. Gowdy*, 172 Ohio St.3d 281, 2023-Ohio-976, 223 N.E.3d 424; *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452. The

Ohio Supreme Court has held "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8; *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426. The availability of an appeal is an adequate remedy in the ordinary course of the law even if the relator fails to pursue an appeal. *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989; *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 757 N.E.2d 357 (2001).

{¶ 6} Herein, Kushlak cannot demonstrate that he lacks or lacked an adequate remedy in the ordinary course of the law. The sentencing order journalized June 1, 2022, that contained the supplemental agreed provision to be subjected to random and unannounced inspections by the APL, constituted a final appealable order subject to an immediate appeal. In addition, Kushlak can potentially avail himself of an appeal through a delayed appeal pursuant to App.R. 5. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432; *State ex rel. Williams v. Corrigan*, 8th Dist. Cuyahoga No. 87150, 2005-Ohio-6092.

**B. Declaratory Judgment and Injunctive Relief**

{¶ 7} This court lacks any jurisdiction to issue a declaratory judgment on behalf of Kushlak. *Wright v. Ghee*, 74 Ohio St.3d 465, 659 N.E.2d 1261 (1996); *State ex rel. Coyne v. Todia*, 45 Ohio St.3d 232, 543 N.E.2d 1271 (1989). The Supreme Court of Ohio has held that if the allegations of a complaint for a writ of mandamus indicate the real objects sought are a declaratory judgment, the complaint does not

state a cause of action in mandamus and must be dismissed for want of jurisdiction. *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 716 N.E.2d 704 (1999).

{¶ 8} In addition, this court lacks jurisdiction to issue a prohibitory injunction to prohibit or enjoin the APL from doing something that Kushlak expects to occur in the future. Any attempt to prevent an anticipated injury is the function of a prohibitory injunction, which is not within the original jurisdiction of this court. *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 255, 2018-Ohio-1854, 103 N.E.3d 809.

{¶ 9} Kushlak seeks a declaratory judgment, through his prayer in the complaint for mandamus, that the APL is required to comply with R.C. 2951.02 and must have statutory reasonable grounds for any unannounced inspection and a search of his home pursuant to the agreed community control condition set forth in paragraph four of the agreed supplemental sentencing journal entry. We can only consider the merits of a declaratory judgment claim in a direct appeal from a decision of a lower court that has declared the rights and duties of Kushlak and the APL. *State ex rel. Hogan v. Ghee*, 85 Ohio St.3d 150, 707 N.E.2d 494 (1999); *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 696 N.E.2d 582 (1998).

{¶ 10} Finally, Kushlak seeks to enjoin the APL from entering his property to conduct any unannounced inspection and search of his home as permitted under paragraph four of the agreed community control condition. The request to enjoin the APL from conducting any unannounced inspection and search of Kushlak's home constitutes a prohibitory injunction that is not within our jurisdiction. *State*

*ex rel. Maras v. Larose*, 170 Ohio St.3d 374, 2022-Ohio-3852, 213 N.E.3d 672; *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, 170 Ohio St.3d 42, 2022-Ohio-3613, 208 N.E.3d 787.

{¶ 11} Accordingly, we grant the APL's motion to dismiss. Costs to Kushlak. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 12} Complaint dismissed.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MICHAEL JOHN RYAN, J., CONCUR