[Cite as *State ex rel. James v. Kelley*, 2026-Ohio-937.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL. ANTHONY R. JAMES, :

     Petitioner, :

     v. :

KEVIN J. KELLEY, :

     Respondent. :

No. 115804

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** March 18, 2026

---

Writ of Mandamus
Motion No. 590267
Order No. 592802

---

### *Appearances:*

James R. Anthony, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget Dever, Assistant Prosecuting Attorney, *for respondent.*

SEAN C. GALLAGHER, J.:

{¶ 1} Anthony R. James, the petitioner, has filed a complaint for a writ of mandamus. James seeks an order from this court that requires Judge Kevin J.

Kelley ("Judge Kelley"), the respondent, to grant sentence reduction, a new trial, and an evidentiary hearing in *State v. James*, Cuyahoga C.P. No. CR-18-632753, based upon an R.C. 2953.21 petition for postconviction relief. Judge Kelley has filed a motion to dismiss that is granted because James has failed to state a claim upon which relief can be granted.

{¶ 2} On June 28, 2024, James filed a "petition to vacate or set aside judgment of conviction or sentence (evidentiary hearing requested)" based upon claims of ineffective assistance of trial counsel and prosecutorial misconduct. On August 9, 2024, Judge Kelley denied the petition for postconviction relief. On November 10, 2025, James filed his complaint for a writ of mandamus. On December 3, 2025, Judge Kelley filed a motion to dismiss the complaint for a writ of mandamus.

{¶ 3} Ohio Constitution, Article IV, Section 3(B)(1)(b) provides this court with original jurisdiction over a complaint that seeks a writ of mandamus. A writ of mandamus, however, is an extraordinary remedy that can only be granted in a limited set of circumstances. *State ex rel. Parisi v. Heck*, 2013-Ohio-4948, ¶ 4 (2d Dist.). Mandamus can only be employed to compel the performance of a present existing duty to which there is a default. *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168 (1983); *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96 (1967).

{¶ 4} To be granted mandamus, James must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Kelley, and (3) the

lack of an adequate remedy in the ordinary course of the law. *State ex rel. Richardson v. Gowdy*, 2023-Ohio-976, ¶ 12; *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6. The Ohio Supreme Court has held "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 2014-Ohio-4532, ¶ 8; *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 11. The availability of an appeal is an adequate remedy in the ordinary course of the law even if the relator fails to pursue an appeal. *Jackson v. Johnson*, 2013-Ohio-999, ¶ 11; *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 578 (2001).

{¶ 5} Herein, James has failed to establish that he possesses the right to sentence reduction, a new trial, or an evidentiary hearing because vague allegations of various violations of constitutional and statutory rights, such as the denial of due process or equal protection, cannot be addressed through mandamus. *Martin v. Judges of Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72 (1990).

{¶ 6} In addition, James has failed to establish any duty on the part of Judge Kelley to grant sentence reduction, grant a new trial, and conduct an evidentiary hearing. James cites no statute imposing any legal duty on Judge Kelley to grant sentence reduction, grant a new trial, and conduct an evidentiary hearing. "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 2002-Ohio-2219, ¶ 18.

{¶ 7} Finally, a writ of mandamus involves a determination of whether James possessed or possesses an adequate remedy in the ordinary course of the law. An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ. *Shoop v. State*, 2015-Ohio-2068, ¶ 18. It must also be noted that James has failed to demonstrate that he lacked an adequate remedy in the ordinary course of the law. The Supreme Court of Ohio has held that the availability of an appeal is an adequate remedy sufficient to preclude a writ, regardless of whether the appeal was unsuccessful or even wrongly decided. *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 11; *State ex rel. Luoma v. Russo*, 2014-Ohio-4532, ¶ 8. The availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal. *Gaydosh*, 93 Ohio St.3d at 578. *See also Jackson v. Johnson*, 2013-Ohio-999, ¶ 5. James's failure to file an appeal from the denial of his petition for postconviction relief prevents the granting of mandamus, because he possessed an adequate remedy at law through an appeal from the trial court's judgment. *See State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals*, 56 Ohio St.3d 33, 34 (1990).

{¶ 8} Accordingly, we grant Judge Kelley's motion to dismiss. Costs to James. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 9}** Complaint dismissed.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR