[Cite as *Cunningham v. Tibbals*, 2015-Ohio-3698.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |  |
|---|---|---|---|
| ANTHONY CUNNINGHAM, | : | | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-01-003 | |
| | : | A M E N D E D O P I N I O N 9/11/2015 | |
| - vs - | : | | |
| | : | | |
| TERRY TIBBALS, WARDEN, | : | | |
| Defendant-Appellee. | : | | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20140230

Anthony Cunningham, #A384341, London Correctional Institution, P.O. Box 69, London, Ohio 45140, appellant, pro se

Jerri L. Fosnaught, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for appellee

**RINGLAND, J.**

{¶ 1} Petitioner-appellant, Anthony Cunningham, appeals a decision of the Madison County Court of Common Pleas, denying his petition for a writ of habeas corpus.

{¶ 2} Following a jury trial in 1999, Cunningham was convicted of four counts of rape, one count of kidnapping with a sexual motivation, and two counts of gross sexual imposition. Cunningham acknowledges that the trial court orally sentenced him to serve concurrent

terms of life in prison for the rape convictions. However, the sentencing entry incorrectly reflected only a 10-year term on the rape counts.

{¶ 3} On May 23, 2001, the trial court changed appellant's rape sentences in a "Corrected Judgment Entry" to properly impose life sentences on Cunningham for the rape convictions. However, the corrected entry unwittingly sentenced Cunningham to a life sentence on the kidnapping charge as well. Therefore, on July 6, 2001, the trial court issued a second amended sentencing entry, wherein the court corrected the sentencing entry to reflect that Cunningham was sentenced to life for the rape convictions and ten years for the kidnapping conviction.

{¶ 4} Subsequently, Cunningham filed a variety of appeals and collateral attacks on the convictions and sentence. Included among them is a prior habeas corpus petition that was denied in 2008. On October 3, 2014, Cunningham filed a second petition for writ of habeas corpus. The trial court denied that petition on two bases: (1) Cunningham had an adequate alternative legal remedy available, and (2) res judicata barred the petition based on the previous habeas corpus petition and denial.

{¶ 5} Cunningham now appeals that decision, raising four assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} IT IS A VIOLATION OF U.S. AND OHIO CONSTITUTIONAL RIGHTS, WHEN THE LAWFUL SENTENCE EXPIRES UNDER THE CRIMINAL SENTENCING CODE OF CONVICTION SB2 EXHIBIT AND THE APA CONTINUES UNLAWFUL CONFINEMENT UNDER ANOTHER CRIMINAL SENTENCING CODE HB261 FOR WHICH NO CONVICTION WAS OBTAINED, IN AN ATTEMPT TO MAKE THE VOID WORD OF LIFE UNDER ONE LAW, VALID UNDER THE OTHER. AND CALL IT A HYBRID CASE [SIC].

{¶ 8} Assignment of Error No. 3:

{¶ 9}   THE COURT ERRED AND ABUSED IT'S DISCRETION TO THE PREJUDICE OF APPELLANT IN DENYING RELIEF ON THE CLAIM OF EXPIRED SENTENCE, FOR WHICH THERE IS NO ADEQUATE ALTERNATIVE LEGAL REMEDY, (DIRECT APPEAL) OR RES JUDICATA TO BAR THE ISSUE OF EXPIRED TERM/SENTENCE.  DECEMBER 15, 1999 FINAL BINDING ENTRY EXPIRED JUNE 16, 2009, ALL OTHER ENTRY'S ARE VOID, FACIALLY VOID, AND CONTRARY TO LAW.

{¶ 10} THE VERY USE OF TWO CRIMINAL SENTENCING CODES PROVES VOID FOR THE SAME OFFENSES (HB261 & SB2 TWO PUNISHMENTS FOR THE SAME OFFENSES) AND HABEAS RELIEF IS AVAILABLE [SIC].

{¶ 11} Cunningham's first and third assignments of error attack alleged errors in his sentencing.  A petition for a writ of habeas corpus is generally precluded where there exists alternative remedies at law.  *Jackson v. Johnson*, 135 Ohio St. 3d 364, 365, 2013-Ohio-999, ¶ 3.  Cunningham correctly notes that there is an exception where a judgment is void due to lack of jurisdiction.  *Pegan v. Crawmer*, 76 Ohio St. 3d 97, 99, 1996-Ohio-419.  He argues that the trial court was without jurisdiction to enter the May 23 and July 6, 2001 corrected entries, and therefore those entries are void.

{¶ 12} In the present case, the trial court was not without jurisdiction as a court retains jurisdiction to correct clerical errors in its judgment entries.  Crim.R. 36.  *See also State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, ¶ 16.  The May 23 and July 6, 2001 entries were filed merely to correct clerical errors and accurately reflect the sentence that was properly imposed on Cunningham.

{¶ 13} Cunningham had the opportunity to directly appeal his sentence or attack it collaterally through a postconviction relief motion.  Therefore, as alternative remedies at law existed, Cunningham's petition is precluded.

{¶ 14} In light of the foregoing, having found that (1) the judgment was not void due to

lack of jurisdiction where the trial court entries merely corrected clerical errors, and (2) there were alternative remedies at law available, Cunningham's first and third assignments of error are overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE COURT ERRED AND/OR ABUSED IT'S DISCRETION IN DENYING APPELLANT HABEAS RELIEF, BASED ON REASONS WITHIN THE DEFAULTED CIV.R. 12(B)(6) MOTION, WHEN SUCH DEFENSES AND OBJECTIONS WAS NOT WITHIN THE COURTS JURISDICTION AND/OR PROPERLY BEFORE THE COURT TO DECIDE, AS THE REASONS REQUIRED EVIDENCE OUTSIDE THE RECORD AND THE CIV.R. 12(B)(6) MOTION WAS NOT CONVERTED TO SUMMARY JUDGMENT CIV.R. 56, NOR ANY NOTICE OF DOING SO GIVEN.

{¶ 17} THEREFORE, APPELLEE HAS WAIVED RES JUDICATA AND ALL OTHER AFFIRMATIVE DEFENSES[1] BY NOT RAISING SUCH AFFIRMATIVE DEFENSES AND OBJECTIONS BY MOTION BEFORE PLEADING PURSUANT TO CIV.R. 12(B), OR AFFIRMATIVELY IN A RESPONSIVE PLEADING PURSUANT TO CIV.R. 8(C) OR BY AMENDMENT UNDER CIV.R. 15, AND NOW HAS WAIVED THE RIGHT TO SUBSEQUENTLY RAISE AFFIRMATIVE DEFENSES, INCLUDING THIS APPEAL [SIC].

{¶ 18} In his second assignment of error, Cunningham correctly argues that a trial court commits reversible error when it considers documents outside the pleadings in deciding a motion to dismiss on the basis of res judicata without first converting the motion to a motion for summary judgment and giving the parties notice of the change. *State ex rel. Boggs v. Springfield Local School Dist. Bd. Of Edn.*, 72 Ohio St.3d 94, 1995-Ohio-202; *Jefferson v.*

---

1. EXCEPT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED [SIC].

*Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 10-14. Here, the trial court considered evidence outside the record in denying the present petition on the basis of res judicata.[2]

{¶ 19} Were that the sole basis of the trial court's decision, we would be required to reverse the decision. However, the trial court only relied on res judicata as an alternative to its initial reasoning for denying the petition: that there was an adequate alternative legal remedy available. Therefore, while the trial court erred in relying on documents outside the pleadings to dismiss the petition on the basis of res judicata, that error was harmless as the petition was properly denied on alternative grounds.

{¶ 20} In light of the foregoing, having found that the trial court's error in relying on documents outside the pleadings to dismiss the petition on the basis of res judicata was harmless, Cunningham's second assignment of error is overruled.

{¶ 21} Assignment of Error No. 4:

{¶ 22} IT IS UNLAWFUL RESTRAINT BY THE APA NOT PROVIDING A MEANINGFUL PAROLE HEARING EVERY TWO YEARS PURSUANT TO SB2, 2971.04, THE WORD LIFE AS USED ON APPELLANT, DOES NOT COMPLY WITH STATUTORILY MANDATED TERMS OF 2929.13(F) AND IS VOID AB INITIO, AND ALLOWS HABEAS RELIEF DESPITE AN ALTERNATIVE LEGAL REMEDY [SIC].

{¶ 23} A review of the record reveals that Cunningham failed to raise this issue to the trial court in his petition for writ of habeas corpus below. Accordingly, Cunningham has waived this argument on appeal by failing to raise it in his petition. *Bozsik v. Hudson*, 110 Ohio St. 3d 245, 2006-Ohio-4356, ¶ 11. Cunningham's fourth assignment of error is therefore overruled.

{¶ 24} Judgment affirmed.

---

2. Cunningham's prior petition for writ of habeas corpus.

M. POWELL, P.J., and S. POWELL, J., concur.