[Cite as *State ex rel. Cunningham v. Ohio Adult Parole Auth.*, 2020-Ohio-5063.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Anthony Cunningham,  :

      Relator,  :

v.  :  No. 19AP-748

Ohio Adult Parole Authority,  :  (REGULAR CALENDAR)

      Respondent.  :

---

D E C I S I O N

Rendered on October 27, 2020

---

**On brief:** *Anthony Cunningham,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *George Horvath,* for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Anthony Cunningham, an inmate incarcerated at Madison Correctional Institution, commenced this original action in mandamus seeking an order compelling respondent, Ohio Adult Parole Authority ("OAPA"), to correct alleged errors in his record, on which OAPA relied in denying relator parole. Relator also seeks an order compelling the OAPA to conduct a new parole hearing once those errors have been corrected. In response, the OAPA filed a motion to dismiss based upon relator's alleged failure to comply with the requirements of R.C. 2969.25(A) and his failure to identify any substantive errors in his inmate record that prevented him from receiving meaningful consideration at his parole eligibility hearing.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this case to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that the affidavit relator filed with his complaint failed to comply with R.C. 2969.25(A) because it failed to accurately list each civil action or appeal of a civil action that relator filed in the previous five years in any state or federal court. Specifically, the magistrate found that relator's affidavit (1) misrepresented the disposition of a mandamus action he filed in Franklin C.P. No. 19CV-3916; (2) failed to accurately identify *Cunningham v. Tibbalds*, 2014 Ohio Misc. LEXIS 7973, a habeas corpus action relator filed in the Madison County Court of Common Pleas; and (3) failed to list two subsequent appeals relator filed in the Madison County habeas corpus action.[1] Because relator's affidavit did not strictly comply with the requirements of R.C. 2969.25(A), the magistrate has recommended that we dismiss this case pursuant to *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533.

{¶ 3} Relator has filed an objection to the magistrate's decision. However, relator makes no argument relevant to the grounds on which the magistrate recommends we dismiss this action. Relator does not argue that his affidavit complied with the requirements of R.C. 2969.25(A). Therefore, we overrule relator's objection.

{¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's findings of fact and conclusions of law except for the magistrate's conclusion that R.C. 2969.25(A) required relator to list *Cunningham v. Tibbalds*, 2014 Ohio Misc. LEXIS 7973 in his affidavit. As indicated in the footnote above, this case was

---

[1] We note that relator's affidavit does list Franklin C.P. No. 19CV-3916 but, contrary to the requirements of R.C. 2969.25(A), does not include the case name nor the court in which the case was filed. Relator's affidavit also lists "case no. 2015-Ohio-1740, Anthony Cunningham v. Terry Tibbles." Presumably, relator meant to identify *Cunningham v. Tibbals*. Case No. 2015-1740 is the case number for the discretionary appeal relator filed in the Supreme Court of Ohio that was denied. December 30, 2015 Case Announcements, 2015-Ohio-5468. Again, relator's failure to identify the court in which this appeal was brought, and the outcome of the appeal violates the requirements of R.C. 2969.25(A). Relator also fails to identify in any fashion *Cunningham v. Tibbals*, 12th Dist. No. CA2015-01-003, 2015-Ohio-3698, which is the appeal from a decision of the Madison County Court of Common Pleas overruling relator's petition for habeas corpus. That failure also violates R.C. 2969.25(A). However, contrary to the magistrate's finding, relator was not required to list the Madison County Court of Common Pleas case, *Cunningham v. Tibbalds*, 2014 Ohio Misc. LEXIS 7973, because that case was filed more than five years before relator filed the mandamus case at issue here.

filed more than five years before relator filed this mandamus action, and therefore, was not required to be listed.  For the reasons set forth in the magistrate's decision, we overrule relator's objection and dismiss this case.

*Objection overruled; writ of mandamus denied; case dismissed.*

BEATTY BLUNT and NELSON, JJ., concur.

————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Anthony Cunningham,               :

      Relator,                                              :

v.                                                              :                    No. 19AP-748

Ohio Adult Parole Authority,                      :                  (REGULAR CALENDAR)

      Respondent.                                     :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 9, 2020

*Anthony Cunningham,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Anthony Cunningham, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA") to correct errors in the records upon which the OAPA has relied when denying relator parole, and ordering the OAPA to conduct a new parole hearing once that information has been corrected.

Findings of Fact:

{¶ 6} 1. Relator is an inmate currently incarcerated at Madison Correctional Institution.

{¶ 7} 2. Relator filed this mandamus action on October 31, 2019.

**{¶ 8}**  3. At the time he filed this mandamus action, relator included an affidavit of prior actions required pursuant to R.C. 2965.25(A). Specifically, relator identified the following:

> On or about May 14, 2019 in case number 19 CV 3916, I filed a similar Mandamus action, however, defendants claimed **not** to have been served. I respectfully requested that the court it was filed with withdraw the action from the record.
>
> In 2015, I filed a habeas corpus in case in no. 2015 – Ohio – 1740, Anthony Cunningham versus Terry Tibbles.
>
> I have filed other motions bringing the same or similar issues however, those motions do not meet the requirement because they were actions invoking the court inherent power to vacate void actions at any time without preclusion, and are not subject to being construed as post-conviction petitions in fact case citations lead courts to ignore post-conviction procedures.

(Emphasis sic.)

**{¶ 9}**  4. On December 10, 2019, respondent filed a motion to dismiss asserting that relator's prior actions affidavit did not meet the requirements of R.C. 2969.25(A), and further that relator failed to identify any substantive errors in his inmate record that prevented him from receiving meaningful consideration at his parole eligibility hearing.

**{¶ 10}**  5. On December 18, 2019, relator filed a response to respondent's motion to dismiss asserting that his affidavit of prior actions did comply with the requirements of the statute.

**{¶ 11}**  6. The matter is currently before the magistrate on respondent's motion to dismiss and relator's response thereto.

Conclusions of Law:

**{¶ 12}**  For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

**{¶ 13}**  In *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, an inmate, Carlos J. Fuqua, filed in the Allen County Court of Appeals a petition for a writ of habeas corpus. He requested leave to proceed in forma pauperis but he did not file the affidavit

required by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court.

{¶ 14} Fuqua's prison warden, Jesse J. Williams, moved to dismiss the petition.

{¶ 15} Fuqua requested leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25(A).

{¶ 16} The court of appeals dismissed the petition for habeas corpus and Fuqua appealed as of right to the Supreme Court of Ohio.

> The Supreme Court of Ohio, in *Fuqua* at ¶ 9 states:
>
> Fuqua's belated attempt to file the required affidavit does not excuse his non-compliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[*a*]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis added.)

{¶ 17} In *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, an inmate, Jomo Hawkins, petitioned the Scioto County Court of Appeals for a writ of habeas corpus. However, Hawkins' petition did not contain the R.C. 2725.04(D) commitment papers nor the affidavit required by R.C. 2969.25(A). Later, Hawkins filed an un-notarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 18} Following dismissal of his action, Hawkins appealed as of right to the Supreme Court of Ohio. Citing *Fuqua,* the Supreme Court affirmed the judgment of the court of appeals.

{¶ 19} Respondent correctly argues that relator's prior actions affidavit does not meet the strict requirements of R.C. 2969.25(A). Specifically, relator listed case number 19CV-3916, a mandamus action which he indicates he asked the court to withdraw from the record. However, a review of that case tells a different story.

{¶ 20} Relator filed that complaint in the Franklin County Court of Common Pleas against the Ohio Adult Parole Board on May 14, 2019. A review of that mandamus filing demonstrates that it is essentially the exact same complaint as is currently before this court now. Respondents filed a motion to dismiss on June 14, 2019 on grounds relator's complaint was actually a request for a writ of habeas corpus. Relator filed a motion for default judgment asserting respondent had failed to plead or otherwise respond.

{¶ 21} In a decision and entry filed September 27, 2019, the trial court found that relator's motion for default judgment was without merit and denied same. The court also denied relator's motion for hearing as well as his motion for leave to file an amended complaint. Thereafter, the court determined that relator had failed to strictly comply with the mandatory requirements of R.C. 2969.25 as both his affidavit of indigency as well as his prior actions affidavit were insufficient to meet the requirements of the law. Further, the court specifically found that, inasmuch as relator's complaint sought his immediate release, the court agreed with respondent's argument that it was a habeas corpus action and not a petition for a writ of mandamus.

{¶ 22} As indicated in the findings of fact here, relator asserted that he had asked the court to withdraw the prior action from the record thereby indicating that he dismissed the case. However, as above indicated, the trial court dismissed the case. To this extent, relator's prior actions affidavit is incorrect and, as such, does not meet the strict requirements of R.C. 2969.25(A).

{¶ 23} Furthermore, relator indicated that he filed a habeas corpus action in "case no. 2015-Ohio-1740." However, that citation belongs to the following case: *Bank of N.Y. Mellon v. Dudley,* 8th Dist. No. 101659, 2015-Ohio-1740. Relator's failure to properly cite his prior habeas corpus complaint is likewise a failure to comply with the strict requirements of the statute.

{¶ 24} This court is authorized to take judicial notice of filings in other courts. Specifically, the magistrate notes that, on October 3, 2014, relator, pro se, filed a petition for writ of habeas corpus in the Madison County Court of Common Pleas in *Cunningham v. Tibbalds,* case No. CVH 20140230, 2014-Ohio-Misc. Lexis 7973. That court noted that relator had filed a variety of collateral attacks to his conviction and sentence, all of which had been denied. The court likewise denied his petition for writ of habeas corpus finding that he had an adequate alternative remedy at law by way of appeal, and further noted that the doctrine of res judicata applied because relator had filed successive habeas corpus petitions and he could have raised this particular issue in his prior habeas corpus actions.

{¶ 25} Relator appealed the common pleas court decision and in *Cunningham v. Tibbals,* 12th Dist. No. CA2015-01-003, 2015-Ohio-2826, the Madison County Court of Appeals affirmed the judgment of the trial court. A discretionary appeal was not allowed

by *Cunningham v. Tibbals*, 144 Ohio St.3d 1443, 2015-Ohio-5468.[2] Relator failed to identify this case as well.

{¶ 26} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

---

[2] This footnote is to indicate that in 2015-Ohio-3698, the Madison County Court of Appeals issued an amended opinion wherein the court acknowledged that relator correctly argued that a trial court commits reversible error when it considers documents outside the pleadings in deciding a motion to dismiss on the basis of res judicata without first converting the motion to a motion for summary judgment and giving the parties notice of the change. However, because res judicata was an alternative ground upon which the trial court dismissed his petition, the trial court's error in relying on documents outside the pleadings to dismiss the petition was harmless.