[Cite as *State ex rel. McCarley v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3375.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willard McCarley, | : | |
| Relator, | : | |
| v. | : | No. 23AP-22 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on September 21, 2023

**On brief:** *Williard McCarley,* pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS ON MOTION TO DISMISS

BOGGS, J.

{¶ 1} Relator, Williard McCarley ("McCarley"), has filed a petition seeking a writ of mandamus to order respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), to make available requested public records.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. ODRC filed a motion to dismiss McCarley's petition, arguing that it did not meet the mandatory filing requirements of R.C. 2969.25(A). The magistrate found that McCarley did not comply with the mandatory requirements of R.C. 2969.25(A) because he incorrectly stated in his affidavit that a proceeding before the Supreme Court of Ohio remained pending, even though the case had been dismissed. Therefore, the magistrate has recommended that we grant ODRC's motion to dismiss.

McCarley filed an objection to the magistrate's decision. For the following reasons, we vacate the magistrate's decision and remand this matter to the magistrate for further consideration.

{¶ 3} A writ of mandamus will compel a public officer to perform a legally required act. The relator must establish a clear legal right to the performance of the act, a clear legal duty by the respondent to perform the act, and that the relator lacks an adequate remedy in the ordinary course of law. *See, e.g., State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 22. To prevail, the relator must show entitlement to the performance of the act by clear and convincing evidence. *See, e.g., State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 55-57 (citing cases). Dismissal of a petition for a writ of mandamus is appropriate when it " 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.' " *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, ¶ 6, quoting *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, ¶ 4.

{¶ 4} Here, the magistrate has recommended dismissing McCarley's petition for failure to comply with R.C. 2969.25(A). The statute provides that:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51

of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

**{¶ 5}** The Supreme Court has stated, "[i]t is well settled that ' "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' " *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, quoting *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5.

**{¶ 6}** Here along with his petition for a writ of mandamus, McCarley did include an affidavit of civil actions he has filed in the preceding five years. The affidavit was notarized on December 27, 2022, and filed with this court on January 12, 2023. One of the actions that McCarley disclosed was an action for a writ of mandamus that he filed with the Supreme Court on August 8, 2022, case No. 2022-0945. McCarley stated in his affidavit that case No. 2022-0945 remained pending. However, as noted by the magistrate and by ODRC in its motion to dismiss, that case had been dismissed on November 30, 2022, and McCarley's motion for reconsideration had been denied on December 27, 2022. The magistrate concluded that McCarley's complaint was subject to immediate dismissal because McCarley "did not accurately describe the outcome of this case" and therefore "has failed to comply with R.C. 2969.25(A)(4)." (Feb. 13, 2023 Mag.'s Decision at ¶ 26.)

**{¶ 7}** With leave of this court, McCarley filed objections to the magistrate's decision. McCarley claims that he did not receive a copy of ODRC's motion to dismiss until after the magistrate had issued his decision in this case. McCarley also notes in his objection that the Supreme Court denied his motion for reconsideration in case No. 2022-0945 on the same day he executed his notarized affidavit in this case. He claims that he did not receive the Supreme Court's judgment entry until February 1, 2023, after he had filed his complaint and supporting affidavit here, and that he had no knowledge of the Supreme Court's disposition of his motion for reconsideration when he executed and filed his affidavit of prior civil actions.[1]

---

[1] McCarley attached to his objections several documents, including an envelope addressed to McCarley from the Supreme Court of Ohio that references case No. 2022-0945 and is stamped "Inter-departmental" and February 1, 2023.

**{¶ 8}** We conclude that McCarley has demonstrated that his affidavit of prior civil actions was accurate at the time he executed the affidavit and, to the best of his knowledge, when he commenced this action against ODRC. Therefore, under these narrow circumstances, we conclude that McCarley has satisfied the strict compliance required under R.C. 2969.25(A).

**{¶ 9}** Upon review of the magistrate's decision, an independent review of the record, and due consideration of McCarley's objection, including new information presented by McCarley that was not available to the magistrate, we disagree with the magistrate's conclusion that McCarley failed to comply with R.C. 2969.25(A). Accordingly, we vacate the magistrate's decision and remand this action to the magistrate with instructions to reconsider respondent's motion to dismiss.

*Magistrate's decision vacated;*
*action remanded to magistrate.*

MENTEL and LELAND, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willard McCarley, | : | |
| Relator, | : | |
| v. | : | No.  23AP-22 |
| Ohio Department of Rehabilitation | : | (REGULAR CALENDAR) |
| and Correction, | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 13, 2023

*Willard McCarley*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON MOTION TO DISMISS

{¶ 10} Relator, Willard McCarley, has filed this original action seeking a writ of mandamus ordering respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), to provide records consistent with the obligations imposed by Ohio's Public Records Act, R.C. 149.43. ODRC has filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

**I. Findings of Fact**

{¶ 11} 1. Relator was incarcerated at the Marion Correctional Institution in Marion, Ohio at the time of the filing of this action.

{¶ 12} 2. ODRC is a state governmental agency responsible for, among other duties, operating Ohio's prison system.

{¶ 13} 3. In his complaint, relator alleges he made a request for public records directed to ODRC on or about September 6, 2022. Relator alleges he sought "a copy of the legal mail log sheet with Relators name on it, date for requested legal mail log sheet requested is either signed/dated on either September 1, 2022, September 5, 2022, or September 6, 2022, (the one with Relators name on it)." (Compl. at 1.) Relator attached a document purportedly representing a copy of the aforementioned request. According to relator, ODRC had not provided the sought-after records despite acknowledging relator's entitlement to them. (Compl. at 2.)

{¶ 14} 4. Relator filed a complaint in mandamus in the instant action on January 12, 2023. In his complaint, relator alleges ODRC was under an obligation pursuant to R.C. 149.43 to respond to his request for records. Relator asserts he is entitled to the issuance of a writ of mandamus ordering ODRC to provide the requested records. (Compl. at 2.) Relator also seeks statutory damages.

{¶ 15} 5. On January 24, 2023, ODRC filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6), alleging that relator failed to fully comply with R.C. 2969.25(A).

{¶ 16} 6. Relator has not responded to ODRC's motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 17} In his complaint, relator seeks an order directing ODRC to provide him with certain records. ODRC argues relator's complaint must be dismissed because relator has failed to comply with the mandatory filing requirements in R.C. 2969.25(A).

### A. Standard for Motion to Dismiss in Mandamus

{¶ 18} A court is required to grant a motion to dismiss pursuant to Civ.R. 12(B)(1) where the court lacks jurisdiction over the subject matter of the litigation. *T & M Machines, LLC v. Atty. Gen.*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. " ' Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits.' " *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972), paragraph one of the syllabus. Subject-matter jurisdiction is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Pratts v.*

*Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(1), a court may consider evidence outside of the complaint. *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 19} A motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 20} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 21} Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). Rather, " '[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the

complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56.' " *Id.*, quoting *Acierno* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156 (1983). *See Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 15AP-488, 2015-Ohio-5090, ¶ 6, quoting *Petrey* at paragraph one of the syllabus (stating that " '[a] court must notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment' ").

{¶ 22} Nevertheless, when determining whether a relator's complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 23} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the relief requested, (2) the respondents are under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). "A complaint in mandamus states a claim if it alleges 'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979).

## B. Mandatory Inmate Filing Requirements

{¶ 24} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex*

*rel. Foster v. Foley*, ___ Ohio St.3d ___, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Furthermore, substantial compliance with the requirements of R.C. 2969.25(A) or (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4.

{¶ 25} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

## C. Application

{¶ 26} In support of its motion to dismiss, ODRC asserts relator failed to comply with several of the requirements under R.C. 2969.25(A). First, ODRC contends relator fails to accurately describe the outcome of one of the actions listed in his affidavit. In his affidavit attached to his complaint, relator stated that "he has a civil action for writ of mandamus filed on August 8, 2022 with the Supreme Court of Ohio seeking public records request with the Ohio American Water (Now Known as Aqua Ohio Inc.) pursuant to ORC 149.43. The case is docketed under case number 2022-0945, and *remains pending*." (Emphasis added.) (Compl. at 5-6.) As matters not subject to reasonable dispute insofar as they affect the

current original action, it is appropriate to take judicial notice of the Supreme Court of Ohio's docket and orders in case number 2022-0945. Review of the docket reveals this case was dismissed by the court on November 30, 2022. *11/30/2022 Case Announcements*, 2022-Ohio-4268. Thereafter, relator filed a motion for reconsideration which was denied on December 27, 2022. *12/27/2022 Case Announcements*, 2022-Ohio-4617. However, relator states in his affidavit of prior civil actions, which was filed together with his complaint on January 12, 2023, that the case remains pending. Because relator did not accurately describe the outcome of this case, he has failed to comply with R.C. 2969.25(A)(4). For this reason alone, relator's complaint is subject to immediate dismissal. *State ex rel. Battigaglia v. Bur. of Sentence Computation*, 10th Dist. No. 20AP-520, 2021-Ohio-3008, ¶ 2 (finding dismissal warranted for failure to comply with R.C. 2969.25(A)(4) where the relator "inaccurately described the outcome of the case"); *State ex rel. Cunningham v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-748, 2020-Ohio-5063, ¶ 2 (finding dismissal warranted for failure to comply with R.C. 2969.25(A) where the relator "misrepresented the disposition of a mandamus action"); *Davis v. Banks*, 7th Dist. No. 12 NO 397, 2013-Ohio-1852, ¶ 11, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533.

{¶ 27} ODRC also states in its motion to dismiss that "[n]either the Honorable Court nor undersigned is required to scour state and federal court records and list each case and requirement listed in R.C. 2969.25." (ODRC's Mot. to Dismiss at 23.) ODRC is correct that no such requirement exists under the statute. The inmate alone bears the burden of strictly complying with the requirements of R.C. 2969.25. However, ODRC, as the moving party, is responsible for identifying the basis for its motion with sufficient particularity for the court to undertake meaningful review. *See generally Albert v. Patton*, 8th Dist. No. 111054, 2022-Ohio-1593, ¶ 9; *State ex rel. Mayrides v. Columbus-Police Div.*, 10th Dist. No. 89AP-1311 (Jan. 23, 1990). A general assertion that an inmate has failed to comply with the requirements of R.C. 2969.25 by failing to list all prior actions is not sufficient. Nevertheless, because in this case ODRC has identified the portions of relator's affidavit that fail to comply with the requirements of R.C. 2969.25(A) and the record supports such a finding, dismissal is warranted.

**D. Conclusion**

{¶ 28} An inmate's affidavit of prior actions "is an essential component of what an inmate-plaintiff must file to commence a civil action against a public employee or entity." *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19. Strict compliance with the statute is mandatory, and failure to comply warrants dismissal. *Id.* at ¶ 13, citing *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. Accordingly, because relator failed to comply with the mandatory filing requirements of R.C. 2969.25(A), it is the decision and recommendation of the magistrate that ODRC's January 24, 2023 motion to dismiss should be granted and relator's request for a writ of mandamus denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).